**ORANGE COUNTY EMPLOYMENT LAW FIRM PC**
Timothy M. Cojocnean (SBN: 324708)
Tim@OCEmploymentLawFirm.com
19200 Von Karman Avenue Suite 345
Irvine, California 92612
Tel: (949) 536-5622
Fax: (949) 669-3132

Attorneys for Plaintiff JOHN ROE, JANE ROE AND JOHN ROE II

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| JOHN ROE, JANE ROE AND JOHN ROE II,<br><br>        Plaintiffs,<br>Putative Class Representatives<br>         vs.<br><br>RIVIAN AUTOMOTIVE LLC. and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>**FEDERAL RULES OF CIVIL PROCEDURE, RULES 23, 26,**<br><br>**Class Action Fairness Act, 28 USC 1332(d)**<br><br>**DEMAND FOR JURY TRIAL** |

We, Plaintiffs, and putative class representatives, JOHN ROE, JANE ROE AND JOHN ROE II, declare, on the basis of personal knowledge and/or information and belief:

## SUMMARY

This a a class action against Defendant Rivian Automotive, LLC (hereinafter "Rivian") by the Plaintiffs, Putative Class Representatives (hereinafter "PPCR") on behalf of the Classes defined below, primarily based on the fact that Defednant Rivian has made fraud-in-the-concealment offers and represetations to the Public, Nationwide,

-1-

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

concerning the sale of various electric vehicles. Rivian is a major competitor of Tesla, Inc. In advertisements and websites created and maintained by Rivian, Rivian is soliciting from members of the Public $1,000.00 (one thousand dollars) deposits to hold a place in line for selection and purchase of a type of vehicle of their choosing (*see* Rivian.com website). This action is subject to, and controlled by, the Class Action Fairness Act, 28 USC 1332(d) and Federal Rules of Civil Procedure, Rules 23 and 26.

## PARTIES AND VENUE

1. *Plaintiffs and Putative Class Representatives*: The Roe Plaintiffs are those individuals that have made a $1,000.00 deposit to Defendant Rivian to hold a place in line for selection and purchase of the type of vehicle of their choosing.

2. *Plaintiffs and Putative Class Representatives Right to Confidentiality Order Issued by the Court*: The Roe plaintiffs have serious, legitimate reasons for filing this as a Roe Action and withholding their true identities from the Defendants until the Court can issue a Confidentiality and Protective Order. John Roe and Jane Roe are public figures and, in the past, have been subject to harassment and death threats for political participation in public subjects. John Roe II is fearful of retaliation by Defendants based on his prior contacts with them.

3. *Defendants*:

a. Defendant Rivian is an American automaker and automotive technology company. Founded in 2009, the company develops vehicles, products and services related to sustainable transportation. The company has facilities in Plymouth, Michigan; Normal, Illinois; San Jose and Irvine, California; Vancouver, Canada; and the United Kingdom. Defendant Rivian is, and at all times herein mentioned was, a limited liability company existing under the laws of the state of Delaware. Defendant Rivian is, and at all times mentioned in this Complaint was, authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Orange. Defendant's place of business, was and is in the County of Orange, at 15770

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

Laguna Canyon Rd., Suite 100, Irvine, Ca 92618. Defendant Rivian's DUNS number is 11-711-4168.

4.      *Doe Defendants*: Defendants Does 1 to 10, inclusive, are sued under fictitious names pursuant *FEDERAL RULES OF CIVIL PROCEDURE, RULES 23, 26,* and the *Class Action Fairness Act, 28 USC 1332(d)*. Plaintiffs are informed and believe, and on that basis alleges, that each of the Defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the Co-Defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the Co-Defendants. The named Defendants and Doe Defendants are sometimes hereafter referred to, collectively and/or individually, as "Defendants." The names and positions of the Doe Defendants are not known to the Plaintiffs at this time. Plaintiffs reserve the right to amended the Complaint to add their names when they become known.

5.      Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

**FACTS COMMON TO ALL CAUSES OF ACTION**

6.      *Plaintiffs and Putative Class Representatives*: Plaintiffs John Roe and Jane Roe made a $1,000.00 deposit to Rivian to hold a place in line for selection and purchase of the type of vehicle of their choosing (*see* Rivian.com website).

a.      As stated above, Plaintiffs John Roe and Jane Roe made a $1,000.00 deposit to Rivian to hold a place in line for selection and purchase of the type of vehicle of their choosing.

b.      After sending those funds to Rivian, John Roe and Jane Roe learned that there are many serious defects in the prototype vehicles, including but not limited to "thermal events" ("thermal events" are incidents in which defective components in the vehicles being developed by Defendant Rivian result in fires in the battery system, a

major component of each type of vehicle produced by Defendant Rivian, or any electric vehicle produced by any manufacturer of electric vehicles), along with other defects, including structural defects relating to these vehicle's framework, and defects relating to wiring systems. These events and defects are a public safety hazard. Plaintiff's Counsel has found 35 articles on the vehicles Rivian intends to offer to the public, as well as various private or publicly traded entities, none of which disclose these safety defects.

c.	Had Defendant Rivian disclosed these serious Public Safety defects in their advertising, including information intended to incentivize deposits from consumers, on their webpages and other various advertising materials, John Roe and Jane Roe would not have given a $1,000.00 deposit to Rivian to hold their place in line for selection and purchase of *any* type of vehicle offered by Defendant Rivian.

d.	John Roe and Jane Roe are informed, believe, and on the basis of that knowledge, therefore allege that the other members of the depositing Public Class would not have made $1,000.00 deposits to Rivian to hold a place in line for selection and purchase of *any* type of vehicle offerred by Defendant Rivian, had they been informed by Rivian of the serious public safety defects and misrepresentations, including battery thermal events, alleged herein.

e.	John Roe II has personal knowledge of those Public safety issues, and has made Defendant Rivian, Plaintiffs, and Putative Class Counsel aware of them, prior to filing this action. After such notice, Defendant Rivian chose not to inform the public of those defects.

f.	Further, Defendant Rivian has publicly announced plans to undergo an Initial Public Offering (hereinafter "IPO") of corporate stock to various Public and Investment Firms permitting purchase of its corporate stock. The advertisements and websites concerning the IPO do not inform the possible stock purchasers of any serious Public Safety Defects. Based on publicly available information, the current amount of investments received by Defendant Rivian exceeds $1.3 **billion** dollars.

///

g. Based on publicly available information, it is estimated that Defendant Rivian's IPO will exceed one billion dollars.

7. *Economic damages*: Per relevant case law and treatises, as a consequence of Defendants' conduct, Plaintiff John Roe and Jane Roe have suffered and will suffer harm, in a sum to be proven to a jury. The Class economic damages, including deposits, cost of injunctive relief, and punitive damages will exceed five million dollars ($5,000,000.00). Plaintiffs do not know if Defendant Rivian carries insurance sufficient to cover these economic damages.

8. *Non-economic damages*: Per relevant case law and treatises, as a consequence of Defendants' conduct, Plaintiffs John Roe and Jane Roe have suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven to a jury. Plaintiffs are informed and believe, and that on that basis allege that other class members have suffered the same non-economic damages.

9. *Punitive damages*: Per relevant case law and treatises Defendants' conduct constitutes oppression, fraud, and/or malice and therefore entitles Plaintiffs John Roe and Jane Roe, as well as the Class, to an award of exemplary and/or punitive damages.

a. *Malice*: Per relevant case law and treatises, Defendants' conduct was committed with malice that (a) Defendants acted with intent to cause injury to Plaintiff John Roe and Jane Roe, as well as Class members, and/or acted with reckless disregard for Plaintiff John Roe and Jane Roe's, as well as the Class members, injury, including by defrauding Plaintiffs and Class members and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's and Class members rights, health, and safety, including Plaintiff's and Class members right to be informed of potential physical, financial and/or emotional injury prior to contracting for goods and/or services that carry potential to create such injuries.

b. *Oppression*: Per relevant case law and treatises, in addition, and/or alternatively, Defendants' conduct was committed with oppression, including that

Defendants' actions against Plaintiffs and Class Members was "despicable" and subjected Plaintiffs and Class members to cruel and unjust hardship, in knowing disregard of Plaintiff's and Class members rights to be informed of potential physical, financial and/or emotional injury prior to contracting for goods and/or services that carry potential to create such injuries. Plaintiffs will request notice of any injuries sustained by any person as a result of any defect in the Rivian vehicles.

c. *Fraud*: Per relevant case law and treatises, in addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent, including that Defendants asserted false (pretextual) grounds in order to induce Plaintiffs and Class members to contract for goods and/or services which carry potential for physical, financial and/or emotional injury, thereby to cause Plaintiffs John Roe and Jane Roe, as well as Class members hardship and deprive them of legal rights.

10. *Attorney's fees*: Plaintiffs John Roe and Jane Roe, John Roe II, as well as Class Members, have incurred and continue to incur legal expenses and attorneys' fees.

## FIRST CAUSE OF ACTION
## (Fraud by Concealment—Against
## Defendants Rivian and Does 1 to 10, Inclusive)

11. PPCR re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

12. While the sum of $1,000.00 may not be a large financial sum as to the Plaintiffs John Roe and Jane Roe, $1,000.00 from all potential PPCR nationwide, given the events described herein, could potentially create a class of thousands of members, for amounts in damages and remedies that will exceed five million dollars ($5,000,000.00), or as much as one billion dollars ($1,000,000,000.00).

13. This first putative class, defined as All Members of the Public, Nationwide, who saw the advertisements of Defendant Rivian and then made a $1,000.00 deposit to Rivian to hold their place for the purchase of a vehicle, each member of the class will be

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

identified by the records of deposit in the possession of Defendant Rivian.

14. Rivian has an affirmative and ongoing duty to disclose all defects and safety issues to potential purchasers before accepting $1,000.00 deposits of members of the public in order to secure a place in line to purchase a vehicle of their choosing from Rivian. Rivian failed its duty, and continues to fail its duty to disclose all defects and safety issues to potential purchasers before accepting $1,000.00 deposits of members of the public to secure a place in line to purchase a vehicle of their choosing from Rivian by having accepted, and continuing to accept, $1,000.00 deposits of members of the public to secure a place in line to purchase a vehicle of their choosing from Rivian while failing to disclose the defects and safety issues from the public and depositors which may have materially affected their decisions to make such deposits.

15. PPCR request the following damages and remedies on behalf of themselves and the putative class members:

    a. At their choosing, a refund of any $1,000.00 deposit to secure a place in line to purchase a vehicle of their choosing from Rivian, plus reasonable interest from the time the deposits were conveyed to Rivian by any class member, up until that time at which Rivian refunds those deposits.

    b. Offering to PPCR by Rivian a vehicle free of all known Defects in order of the time of deposit to the Class members, for a completed purchase by them.

    c. A stay order, issued by the Court, prohibiting Rivian from soliciting any deposits from any purchaser, individual or Corporation, or Institution, nationwide, until the notice of past or current defects is published through regular media outlets, and published on all of Rivian's websites and advertisements. This also includes not accepting any further deposits.

    d. An appointment by the Court of a Special Master, pursuant to Federal Rules of Civil Procedure Rule 53, with an electric automotive engineering background deemed sufficient to, and who shall monitor, the identification and correction of all defects in Rivian Vehicles, and who shall file a monthly report to the Court, to be

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

made available to Plaintiffs' Counsel and Defense Counsel, of the status of those efforts and progress made by Rivian regarding those defects and their corrections.

## SECOND CAUSE OF ACTION

**(Stay of Defendant Rivian's Initial Public Offering Until All Known Defects Are Made Publicly Available to Any and All Potential Investors or Purchasers of Stock —Against Defendants Rivian and Does 1 Through 10, Inclusive)**

16. PPCR re-alleges and incorporates by reference all preceding paragraphs, inclusive, as though set forth in full herein.

17. PPCR are informed, and believe, and on that basis, allege, that Rivian has received over $1.3 billion dollars in pre-IPO filings from such companies as Amazon.com, Inc, Ford Motor Company and Cox Communications.

18. PPCR are informed, and believe, and on that basis, allege, that those investors may convert those investment amounts into stock during the IPO period.

19. PPCR are informed, and believe, and on that basis, allege, that Rivian's primary competitor is Tesla, Inc. Tesla, Inc.'s current value is approximately $100 Billion dollars. PPCR's allegation is based on publicly available information.

20. Based on that information, PPCR believes that Defendant Rivian's IPO should exceed $5 Billion dollars in value.

21. Based on publicly available information, Defendant Rivian has published its intent to conduct its IPO without any disclosure of the serious Public Safety issues and Defects described herein. PPCR John Roe 2, has direct knowledge of these defects, and has brought these issues to the attention of Defendant Rivian. PPCR asks the Court for a Stay on the IPO of Defendant Rivian's sale of Defendant Rivian's corporate stock, as well as the solicitation and/or acceptance of any other type of investment from any private or public entity prior to Defendant Rivian's full disclosure of the defects, and a statement of any and all known defects pertaining to the performance and safety of its vehicles, and

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

how these defects shall be corrected.

22.     Additionally, PPCR asks the Court to issue an order that Rivian disclose information to the media and on their website of any and all new defects while further developing its line of vehicles, as well as Rivian's ongoing efforts to identify and correct any defects, and all false advertising.

22.     Because this action that is being brought before the Court as a Nationwide Class Action for Fraud in the Concealment and Public Safety protection from a dangerous product, in addition to the announced IPO Stock sale by Defendant Rivian to potential purchasers and investors based on incomplete information, PPCR request an award of attorney fees in an amount to be determined by the Court, but not less than 25% of the total value of the case, including money damages and injunctive relief.

23.     Further, PPCR believes this case will show Defendants wrongfully, intentionally, willfully, and with the intent to defraud buyers, depositors, investors and stock purchasers so justifies an award of punitive damages to be divided between PPCR and Class member claimants, as determined by the Jury and/or Court. Plaintiffs' Attorney and Putative Class Counsel will also make a claim for attorneys fees from such punitive damages.

## PRAYER

WHEREFORE, Plaintiffs, individually and on behalf of members of the Class, respectfully request that the Court enter judgement in their favor and against Defendants, as follows:

1. Certification of the proposed Class, including appointment of Plaintiffs' Attorney(s) as Class Counsel;
1. An order temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, oppressive and unfair business practices alleged in this Complaint;
2. Public injunctive releif in the form of an order by the Court that Defendants

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

      refrain from further solicitation or acceptance from the public any and all place holding deposits;

3. Order by the Court that the Defendant Rivian publish, through normal media outlets and on their websites, specifc infromation about the history of any defects, current or previous, and the status of those defects, to include any and all efforts by Defendant Rivian to correct such defects;

4. An order by the Court that Defendant Rivian permit any and all depostitors of any amount of money to secure future purchases of vehicles the opportunity to be refunded such deposits;

5. An order by the Court that Defendant Rivian deliver to depositors the vehicle of their choice, at the regular retail price, free of any defects, when such vehicles become available;

6. An order by the Court that Defendant Rivian, prior to the issuance of its proposed Initial Public Offering of Corporate Stock, either directly, or through an Investment Firm or other Institutional Investment Broker, publish through normal media outlets, and on Defendant Rivian's website, as well as the Investment Firm or other Institutional Investment Broker's website, any vehicle defects and/or any and all public safety information necessary to inform any and all interested persons or entities. Plaintiffs are informed and believe, and on such basis allege, that such Investment Firms or other Institutional Investment Brokers include T. Rowe Price;

7. An appointment by the Court of a Special Master, pursuant to Federal Rules of Civil Procedure Rule 53, with an electric automotive engineering background deemed sufficient to, and who shall monitor, the identification and correction of all defects in Rivian Vehicles, and who shall file a monthly report to the Court, to be made available to Plaintiffs' Counsel and Defense Counsel, of the status of those efforts and progress made by Rivian regarding those defects and their corrections, described herein;

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

8. An award of Plaintiff class representative Attorney Fees as permitted by law, and in an amount set by the Court, but not less then 25% of the total value of the damges and remedies in this case, including punitive damages.

9. An award of General Damages in an amount according to the proof as permitted by Federal Law;

10. An award of Special Damages in an amount according to the proof as permitted by Federal Law;

11. An award of Punitives Damages in an amount according to the proof as permitted by Federal Law;

12. Costs, restitution, damages, and disgorgement in an amount to be determined at trial;

13. For such other and further relief as the Court may deem just and proper, in order to prevent the occurance of such fraudulent activities within these United States of America, and to protect and secure the safety of its citizens and/or residents.

### **DEMAND FOR JURY TRIAL**

Plaintiffs John Roe, Jane Roe and John Roe II demand a jury trial.

DATED: May 26, 2020        **ORANGE COUNTY EMPLOYMENT LAW FIRM PC**

By: _____
Timothy M. Cojocnean, Esq.
Attorneys for Plaintiff,
JOHN ROE, JANE ROE AND JOHN ROE II

**PLAINTIFF JOHN ROE, JANE ROE AND JOHN ROE II'S COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**