1
Michael D. Mortenson, Cal. Bar No. 247758
  mmortenson@mortensontaggart.com
2
Craig A. Taggart, Cal. Bar No. 239168
  ctaggart@mortensontaggart.com
3
MORTENSON TAGGART LLP
300 Spectrum Center Dr., Suite 1100
4
Irvine, CA 92618
Telephone: (949) 774-2224
5
Facsimile: (949) 774-2545

6
Attorneys for Defendant
RIVIAN AUTOMOTIVE, LLC
7

8
**UNITED STATES DISTRICT COURT**

9
**CENTRAL DISTRICT OF CALIFORNIA**

10

11
JOHN ROE, JANE ROE AND JOHN
ROE II,
12

13
          Plaintiffs and Putative
          Class Representatives,
14

          vs.
15

16
RIVIAN AUTOMOTIVE, LLC, and
DOES 1 through 10, inclusive,
17

          Defendants.
18

19

20

21

22

23

24

25

26

27

28

CASE NO. 8:20-cv-00998-MWF-ADS

Hon. Michael W. Fitzgerald

**MEMORANDUM OF POINTS
AND AUTHORITIES IN
SUPPORT OF DEFENDANT
RIVIAN AUTOMOTIVE, LLC'S
MOTION TO DISMISS**

Hearing Date:   August 17, 2020
Time:                10:00 a.m.
Courtroom:      5A

MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................... 1

II.  SUMMARY OF ALLEGATIONS ................................................. 3

III.  LEGAL ARGUMENT ................................................................... 7

    A.  Plaintiffs Lack Standing .......................................................... 7

    B.  Plaintiffs' Claims Are Not Ripe For Adjudication ............................ 9

    C.  Plaintiffs Fail To Plead Facts Sufficient To State A Claim ............. 10

        1.  Plaintiffs Fail To Plead Facts Sufficient To State A
           Cognizable Claim For Fraud By Concealment ..................... 11

           a.  John Roe II's Claim Should Be Dismissed With
               Prejudice Because He Did Not Make A Deposit ........ 12

           b.  Plaintiffs Fail To Plead A Defect ................................. 13

           c.  Plaintiffs Fail To Plead Rivian Had A Duty To Disclose
               The Alleged Defect ..................................................... 14

           d.  Plaintiffs Fail To Plead Justifiable Reliance ............... 18

           e.  The Economic Loss Rule Bars Plaintiffs' Fraud By
               Concealment Claim ..................................................... 19

        2.  Plaintiffs Fail To State A Claim For Injunctive Relief ......... 20

           a.  Plaintiffs' Injunctive Relief Claim Is Legally Invalid  21

           b.  Plaintiffs' Injunctive Relief Claim Fails for the Same
               Reasons Their Fraud Claim Fails ................................. 21

           c.  Plaintiffs Fail To Plead That They Are Likely To Suffer
               Harm In The Future ..................................................... 22

           d.  Plaintiffs Have An Adequate Remedy At Law ........... 23

        3.  Plaintiffs' Complaint Fails To Comply With Federal Rule Of
           Civil Procedure 10 ................................................................ 24

    D.  The Court Should Dismiss/Strike The Class Action Allegations .... 25

IV.  CONCLUSION ............................................................................ 25

MEMORANDUM OF POINTS AND AUTHORITIES

# **TABLE OF AUTHORITIES**

## **Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) .................................................................. 10

*Banh v. Am. Honda Motor Co., Inc.,*
    No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361
    (C.D. Cal. Dec. 17, 2019) ................................................... 12, 16

*Barnum Timber Co. v. U.S. E.P.A.,*
    633 F.3d 894 (9th Cir. 2011) .................................................... 7

*Cabral v. Supple, LLC,*
    No. EDCV-12-85-MWF(X), 2016 WL 6693155
    (C.D. Cal. Jan. 7, 2016) .......................................................... 22

*Callaghan v. BMW of N. Am., LLC,*
    No. 13-CV-04794-JD, 2014 WL 6629254
    (N.D. Cal. Nov. 21, 2014) ................................................. 13, 14

*City of Los Angeles v. Lyons,*
    461 U.S. 95 (1983) .................................................................. 22

Coto Settlement v. Eisenberg,
    593 F.3d 1031 (9th Cir. 2010) ............................................... 12

*Cox v. Blue Cross Blue Shield of Michigan,*
    216 F. Supp. 3d 820 (E.D. Mich. 2016) ................................. 22

*Daugherty v. Am. Honda Motor Co., Inc.,*
    144 Cal. App. 4th 824 (2006) ................................................. 15

*Doe v. City of Santa Ana,*
    No. SACV1300696CJCRNBX, 2013 WL 12371372
    (C.D. Cal. June 10, 2013) ...................................................... 24

*Does I thru XXIII v. Advanced Textile Corp.,*
    214 F.3d 1058 (9th Cir. 2000) ............................................... 24

*Eclectic Props. E., LLC v. Marcus & Millichap Co.,*
    751 F.3d 990 (9th Cir. 2014) .................................................. 11

*George v. United States,*
    No. CV1606221 MWFJPRX, 2017 WL 8229294
    (C.D. Cal. Sept. 28, 2017) ................................................... 7, 8

*Griffin v. Green Tree Servicing, LLC,*
    No. CV149408MWFVBKX, 2016 WL 6782763
    (C.D. Cal. Feb. 5, 2016) ........................................................ 21

*Hammond v. BMW of N. Am., LLC,*
    No. CV 18-226 DSF (MRWX), 2019 WL 2912232
    (C.D. Cal. June 26, 2019) ...................................................... 20

*Hillblom v. United States*,
    896 F.2d 426 (9th Cir. 1990) ............................................................... 9

*Hodson v. Mars, Inc.*
    891 F.3d 857 (9th Cir. 2018) ............................................................. 18

*In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*,
    No. CV1706656ABFFMX, 2019 WL 3000646
    (C.D. Cal. May 22, 2019) ............................................................. 12, 13

*IV Sols., Inc. v. United HealthCare Servs., Inc.*,
    No. CV169598MWFAGRX, 2017 WL 6372488
    (C.D. Cal. Sept. 27, 2017) ................................................................. 18

*Jenkins v. Macatawa Bank Corp.*,
    No. 1:03-CV-321, 2006 WL 3253305
    (W.D. Mich. Nov. 9, 2006) ................................................................. 12

*Kahn v. FCA US LLC*,
    No. 2:19-CV-00127-SVW-SS, 2019 WL 3955386
    (C.D. Cal. Aug. 2, 2019) ....................................................... 15, 16, 17

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) .......................................................... 18

*Kwon Yi v. BMW of North America LLC*,
    805 F. App'x 459 (9th Cir. 2020) ...................................................... 20

*Lee v. Oregon*,
    107 F.3d 1382 (9th Cir. 1997) ............................................................. 9

*LiMandri v. Judkins*,
    52 Cal. App. 4th 326 (1997) ......................................................... 15, 16

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992) ............................................................................. 7

*Madrigal v. Hint, Inc.*,
    No. CV1702095VAPJCX, 2017 WL 6940534
    (C.D. Cal. Dec. 14, 2017) ................................................................... 23

*Mosqueda v. Am. Honda Motor Co., Inc.*,
    No. SACV19839MWFMAAX, 2020 WL 1698710
    (C.D. Cal. Mar. 6, 2020) ........................................ 10, 11, 13, 14, 19, 20

*Murphy v. The Proctor & Gamble Co.*,
    695 F. Supp. 2d 600 (E.D. Mich. 2010) ............................................. 20

*O'Shea v. Littleton,*
    414 U.S. 488 (1974) ........................................................................... 22

*Philips v. Ford Motor Co.*,
    726 F. App'x 608 (9th Cir. 2018) ...................................................... 23

*Robinson Helicopter Co. v. Dana Corp.*,
    34 Cal. 4th 979 (2004) ....................................................................... 19

-iii-

MEMORANDUM OF POINTS AND AUTHORITIES

*Safe Air v. Meyer*,
   373 F.3d 1035 (9th Cir. 2004) .................................................................7

*Skyline Wesleyan Church v. California Dep't of Managed Health Care*,
   959 F.3d 341 (9th Cir. 2020) ..................................................................7

*Smith v. U.S. Bank Nat'l Ass'n ND*,
   No. CV 12-2743-MWF(VBKX), 2012 WL 12887913
   (C.D. Cal. May 14, 2012) ......................................................................21

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) .................................................................10

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ............................................................................7

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) .................................................................11

*Tanasescu v. Kremer*,
   No. SACV171513DOCJDEX, 2019 WL 1091338
   (C.D. Cal. Jan. 16, 2019) ......................................................................21

*Taragan v. Nissan N. Am., Inc.*,
   No. C 09-3660 SBA, 2013 WL 3157918
   (N.D. Cal. June 20, 2013) ......................................................................17

*Terlecki v. Steward*,
   278 Mich. App. 644 (2008) ...................................................................21

*Texas v. United States*
   523 U.S. 296 (1998) .................................................................................9

*Thompson v. BMW of N. Am.*,
   No. SACV 17-01912-CJC-KS, 2019 WL 988694
   (C.D. Cal. Jan. 10, 2019) ......................................................................20

*United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*,
   660 F. Supp. 2d 1163 (C.D. Cal. 2009) ...............................................18

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ..............................................................11

*Villanueva v. Am. Honda Motor Co.*,
   No. CV191390MWFMAAX, 2019 WL 8112467
   (C.D. Cal. Oct. 10, 2019) ................................................................22, 23

*Wachs v. Wells Fargo Bank, N.A.*,
   No. CV1208801 MWFSHX, 2012 WL 12895699
   (C.D. Cal. Dec. 12, 2012) .....................................................................21

*Warner v. Fed. Home Loan Mortg. Corp.*,
   No. 12-15185, 2013 WL 1281932
   (E.D. Mich. Mar. 26, 2013) ..................................................................21

*Weinberger v. Romero–Barcelo*,
   456 U.S. 305 (1982) ..............................................................................23

-iv-

*Williams v. Yamaha Motor Co.*,
   851 F.3d 1015 (9th Cir. 2017) .................................................................17

*Wilson v. Hewlett-Packard Co.*,
   668 F.3d 1136 (9th Cir. 2012) .........................................................16, 17

*Wong v. Jing*,
   189 Cal. App. 4th 1354 (2010) ...............................................................21

*Yagman v. Gen. Motors Co.*,
   No. CV-14-4696-MWF AGRX, 2014 WL 417729
   (C.D. Cal. Aug. 22, 2 ......................................................................13, 14

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiffs are three **unnamed** and **unidentified** individuals who filed their anonymous "Class Action Complaint" against Defendant Rivian Automotive, LLC ("Rivian"), a start-up automotive manufacturer.  However, Plaintiffs lack standing to bring their claims, their claims are not ripe for adjudication, and they fail to plead facts sufficient to state any claim for relief.  Rivian respectfully requests that Plaintiffs' Complaint be dismissed with prejudice.

Based on nothing more than unsupported conclusions, Plaintiffs assert two frivolous claims: (1) fraud by concealment and (2) injunctive relief to stay Rivian's unannounced, hypothetical initial public offering.  Plaintiffs allege that Rivian's **prototype** vehicles – i.e., test vehicles that have not and will not be manufactured or released for sale to the public – have defects that Rivian failed to disclose at the time <u>two</u> of the three Plaintiffs made their deposits.  Plaintiffs also assert that Rivian will not disclose to prospective investors some alleged defects that they speculate may exist at the time of Rivian's unannounced, hypothetical initial public offering.  Plaintiffs' claims should be dismissed for the following reasons:

<u>All of the Plaintiffs lack standing for all claims</u>.  Plaintiffs lack standing to bring their fraud by concealment claim.  Plaintiffs do not allege that John Roe II made a deposit.  Therefore, it is beyond cavil that he lacks standing to assert his fraud claim.  John Roe and Jane Roe lack standing as neither has suffered any redressable injury because (1) neither actually purchased a vehicle containing defects, but instead placed a deposit to reserve the ability to later purchase vehicles still under development, and (2) both can obtain a full refund of their deposit at any time.  Plaintiffs also lack standing to bring their injunctive relief claim to stay Rivian's initial public offering because none alleges that they are investors or prospective investors in Rivian, and they do not allege that an initial public offering date is planned or has even been announced.  Plaintiffs lack standing to

-1-
MEMORANDUM OF POINTS AND AUTHORITIES

stay a hypothetical event.

Plaintiffs' claims are not ripe for adjudication.   Plaintiffs' fraud by concealment claim is not ripe.  Plaintiffs have not actually purchased Rivian vehicles, but instead placed deposits to hold their place in line for vehicles that are still under development.   Therefore, Plaintiffs cannot plead that they placed deposits on vehicles (much less purchased vehicles) that contain defects.  And even if Plaintiffs could allege actual facts establishing defects in the prototype vehicles that will never be sold (which they do not), Plaintiffs cannot allege that the vehicles Rivian may release at some point in the future will contain those same supposed defects.  Thus, because Plaintiffs' fraud by concealment claim is not ripe, it should be dismissed with prejudice.

Plaintiffs' second claim for injunctive relief is similarly unripe.  Plaintiffs seek an injunction staying an unannounced, hypothetical initial public offering based on speculative allegations that Rivian's production vehicles will contain a defect, and that Rivian will fail to disclose this future unknown defect prior to its hypothetical initial public offering.  Setting aside the claim's sheer absurdity, and even assuming Plaintiffs had standing to bring such a claim, it should be dismissed with prejudice because it is not ripe for adjudication.

Plaintiffs fail to plead facts sufficient to state a claim.  Plaintiffs' fraud by concealment claim is not pled with particularity because they fail to plead: (1) their identities, (2) when John Roe and Jane Roe made deposits on their vehicles, (3) the specific, alleged defects in the vehicles, (4) how they know about any alleged defects, (5) Rivian had knowledge of and a duty to disclose any alleged defects at the time John Roe and Jane Roe placed their deposits, and (6) Plaintiffs justifiably relied on such undisclosed defects in the prototype vehicles when they made their deposits.  Furthermore, in addition to the pleading deficiencies, Plaintiffs' fraud by concealment claim is barred by the economic loss rule.

Plaintiffs' claim for injunctive relief claim is similarly defective.  To begin

-2-

with, it is not a viable claim.  Instead, it is a remedy untethered to any viable, legally cognizable claim.  But even assuming this was a viable claim, Plaintiffs cannot establish that there is a risk that they will be duped in the future because, by their own admission, they know about the alleged defects.  If an actual violation of law occurs at the time of any initial public offering, Plaintiffs will have an adequate remedy at law to address such violation.

In sum, Plaintiffs' claims are defective, cannot be fixed and should be dismissed with prejudice.

## II.    SUMMARY OF ALLEGATIONS

Plaintiffs are "John Roe," "Jane Roe" and "John Roe II" – anonymous, unidentified individuals who purport to represent a class of similarly situated people.  Rather than identify themselves, Plaintiffs merely claim that they "have serious, legitimate reasons for filing this as a Roe Action and withholding their true identities from the Defendants until the Court can issue a Confidentiality and Protective Order."  (Complaint ("Compl.") ¶ 2.)

Plaintiffs' Complaint contains two purported claims against Rivian: (1) Fraud by Concealment and (2) Stay of Defendant Rivian's Public Offering Until Known Defects Are Made Publicly Available to Any and All Potential Investors or Purchasers of Stock.  Plaintiffs allege that two of them, John Roe and Jane Roe, "made a $1,000.00 deposit to Rivian to hold a place in line for selection and purchase of the type of vehicle of their choosing (*see* Rivian.com website)."  (*Id*. ¶ 6.)  Plaintiffs do <u>not</u> allege that John Roe II made a deposit.

All of Plaintiffs' substantive allegations are limited to one paragraph with subparts.  Plaintiffs allege that after making their deposits, John Roe and Jane Roe "learned that there are many serious defects in the prototype vehicles, including but not limited to 'thermal events' ('thermal events' are incidents in which defective components in the vehicles being developed . . . result in fires in the battery system, a major component of each type of vehicle . . . ), along with other

-3-

defects, including structural defects relating to these vehicle's framework, and defects relating to wiring systems." (*Id*. ¶ 6(c).)  Plaintiffs allege that the "events and defects are a public safety hazard." (*Id*.)  Plaintiffs also allege that their counsel have found "35 articles on the vehicles Rivian intends to offer to the public . . . none of which disclose these safety defects." (*Id*.)  Plaintiffs then allege that they would not have made their deposits had the "serious Public Safety defects" been disclosed on Rivian's "webpages or other various advertising materials . . . ." (*Id*.)  Plaintiffs seek economic, noneconomic and punitive damages in connection with their purported claims.

Plaintiff John Roe II is alleged to have "personal knowledge of those Public safety issues, and has made Defendant Rivian, Plaintiffs and Putative Class Counsel aware of them . . . ." (*Id*. ¶ 6(e).)

In connection with Plaintiffs' fraud by concealment claim, Plaintiffs seek to represent a class of "All Members of the Public, Nationwide, who saw advertisements of Defendant Rivian and then made a $1,000.00 deposit to Rivian to hold their place for the purchase of a vehicle . . . ." (*Id*. ¶ 12.)

While Plaintiffs cite to and incorporate the Rivian website where they allegedly made the deposit (*id*. ¶ 6), Plaintiffs never disclose the actual terms of those deposit agreements.  Of particular note, the deposits are **entirely refundable**.  Rivian's website provides:

> Note: To complete your preorder of a R1T or R1S, we require a refundable deposit of $1,000 (USD) at the time of your submission (the 'preorder fee').  This preorder fee will be applied to the balance owed on the Final Sales Agreement between us.
>
> You may cancel your preorder at any time by contacting us at preorders@rivian.com and expressing your decision to withdraw.  We will process your decision and promptly refund you the full deposit amount ($1,000) via wire transfer to your financial institution.
>
> For further information, please see the Terms and Conditions

-4-

MEMORANDUM OF POINTS AND AUTHORITIES

link on the bottom of this page.

(Michael D. Mortenson Declaration ("Mortenson Decl."), Ex. 1.)  The Rivian Terms and Conditions contain more information about the deposit, including the following terms and disclosures:

> Cancellation/Refund.  You can cancel your Pre-Order and receive a full refund at any time by sending an email to preorders@rivian.com from the address you use to make the preorder.  You will receive your refund within approximately 3 business days. . . .

(Mortenson Decl., Ex. 2.)  The Terms and Conditions also make it clear that the depositor has no obligation to actually purchase a vehicle and that the deposit does not constitute an agreement for the sale of a vehicle:

> You are under no obligation to purchase a Vehicle from us, and we are under no obligation to supply you with a Vehicle. . . .
>
> These terms do not constitute an agreement for the sale of a Vehicle and do not lock in pricing, a firm production slot, a firm delivery date, or specific Vehicle configuration.

(*Id*.)  Lastly, among other terms, the Terms and Conditions make clear that the vehicles are still in development:

> Vehicle Configuration and Battery Range.  **You understand that we may not have completed the development** of the Vehicle or begun manufacturing the Vehicle at the time of your Pre-Order.  You further understand that the Vehicle's battery range and other available features at the starting price have not yet been determined.  By agreeing to these Terms you represent and warrant to us that you understand that the Vehicle configuration may change prior to execution of the Final Sales Agreement.

(*Id*.)

Simply put, any person who placed a deposit acknowledged that the deposit secured the opportunity to purchase a Rivian vehicle at a later date, not the actual

MEMORANDUM OF POINTS AND AUTHORITIES

purchase of a vehicle, that the vehicles are still under development and that the delivery dates and vehicle specifications are uncertain and subject to change. Further, the agreement made clear that **any person placing a deposit could obtain a full refund at any time**.  Notably, Plaintiffs do not allege that they attempted to obtain a refund, obtained a refund or were somehow denied a refund.

Plaintiffs also allege that "Rivian has publicly announced plans to undergo an Initial Public Offering (hereinafter 'IPO') of corporate stock to various Public and Investment Firms permitting purchase of its corporate stock.   The advertisements and websites concerning the IPO do not inform the possible stock purchasers of any serious Public Safety Defects."  (*Id*. ¶ 6(f).)  Plaintiffs allege that "Based on publicly available information, Defendant Rivian has published its intent to conduct its IPO without any disclosure of the serious Public Safety issues and Defects described herein."  (*Id*. ¶ 21.)  Plaintiffs allege that "John Roe 2, has direct knowledge of these defects . . . ."  (*Id*.)

Plaintiffs "ask[] the Court for a Stay on the IPO of Defendant Rivian's sale of Defendant Rivian's corporate stock, as well as the solicitation and/or acceptance of any other type of investment from any private or public entity prior to Defendant Rivian's full disclosure of the defects, and a statement of any and all known defects pertaining to the performance and safety of its vehicles, and how these defects shall be corrected."  (*Id*.)  Plaintiffs also "ask[] the Court to issue an order that Rivian disclose to the media and on their website of any and all new defects while further developing its line of vehicles, as well as Rivian's ongoing efforts to identify and correct any defects, and all false advertising."  (*Id*. ¶ 22.)

Finally, Plaintiffs seek to represent a class of similarly situated individuals, but Plaintiffs do not allege the facts required under Local Rule 23-2 through 23-2.2.  They assert that their claims may be worth "as much as one billion dollars ($1,000,000,000.00)." (*Id*. ¶ 12.)

MEMORANDUM OF POINTS AND AUTHORITIES

## III.   LEGAL ARGUMENT

### A.   Plaintiffs Lack Standing

Plaintiffs' claims should be dismissed with prejudice because they lack standing.

"Article III of the U.S. Constitution confines federal courts to hearing only 'cases' and 'controversies'" and standing is a "core component" of that requirement. *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 897 (9th Cir. 2011). "To establish the jurisdictional element of standing, 'a plaintiff must show an injury that is concrete, particularized and actual or imminent (the injury-in-fact requirement); traceable to the defendant's complained-of activity (the traceability requirement); and likely to be redressed by a decision favorable to plaintiff (the redressability requirement).'" *George v. United States*, No. CV1606221 MWFJPRX, 2017 WL 8229294, at *4 (C.D. Cal. Sept. 28, 2017) (Fitzgerald, J.) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), *as revised* (May 24, 2016). Importantly, "'A plaintiff must demonstrate standing for each claim he or she seeks to press and for each form of relief sought.'" *Skyline Wesleyan Church v. California Dep't of Managed Health Care*, 959 F.3d 341, 349 (9th Cir. 2020) (citation omitted).[1]

Here, as a preliminary matter, none of the Plaintiffs have standing. As to the first claim for fraud by concealment, Plaintiffs allege that Rivian did not disclose facts to consumers that made deposits on the vehicles, and that the deposits would not have been made if the true facts had been disclosed. (Compl.

---

[1] In resolving a motion to dismiss for lack of Article III standing, the Court may consider "evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

¶¶ 6(c), 6(d).)  However, Plaintiffs do not allege that John Roe II ever made a deposit on a Rivian vehicle.  Rather, Plaintiffs allege that only John Roe and Jane Roe made deposits.  (*Id*. ¶ 6.)  John Roe II is alleged only to have knowledge of the alleged vehicle defects, but he alleges no injury based on that purported knowledge that can be redressed by this litigation.  Thus, John Roe II lacks standing to bring a claim for fraud by concealment.

Similarly, John Roe and Jane Roe also lack standing to bring their fraud claim.  Neither has suffered any injury as they admit they placed fully refundable deposits to hold their place in line for the option to purchase a future production vehicle.  No vehicle has been produced for sale or sold to Plaintiffs, and no production vehicle has been released publicly.  To get their money back, all John Roe and Jane Roe need to do is ask Rivian, which they have not done.  There are no allegations that they requested a refund and were denied, nor are there allegations that any vehicle (production or otherwise) was actually delivered with defects.  Thus, Plaintiffs cannot plead or prove that they have suffered any concrete, particularized injury that can be redressed.  *See e.g.*, *George*, WL 8229294, at *4 ("a plaintiff must show an injury that is concrete, particularized and actual or imminent. . . .")

In addition, none of the Plaintiffs has standing to bring a claim for injunctive relief to stay an unplanned, hypothetical initial public offering.  Plaintiffs' second claim seeks to enjoin Rivian's initial public offering from going forward until the alleged defects are disclosed to the public.  However, Plaintiffs do not allege an offering date, there is no initial public offering scheduled, and indeed, one may never occur.  Further, Plaintiffs do not allege that they are Rivian shareholders, or that they will be harmed in any way from a future (unplanned) initial public offering of Rivian stock.  Indeed, Plaintiffs do not allege that they are even potential or prospective investors who will be duped into making investments in Rivian.  And, Plaintiffs do not reference or cite to any misleading public filings

-8-

MEMORANDUM OF POINTS AND AUTHORITIES

that relate to a potential public sale of securities.  Plaintiffs, therefore, cannot establish any injury-in-fact that can be redressed.

Accordingly, the Court should dismiss the entire Complaint with prejudice because Plaintiffs lack standing to bring either of their asserted claims.

## B.     Plaintiffs' Claims Are Not Ripe For Adjudication

Independent of Plaintiffs' lack of standing, Plaintiffs' claims should be dismissed with prejudice because they are based on hypothetical future events that may never occur and, therefore, are not ripe for adjudication.

"While standing is primarily concerned with who is a proper party to litigate a particular matter, ripeness addresses when litigation may occur." *Lee v. Oregon*, 107 F.3d 1382, 1387 (9th Cir. 1997).  "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (citation omitted).  "The ripeness doctrine demands that litigants state a claim on which relief can be granted and that litigants' asserted harm is 'direct and immediate' rather than speculative or hypothetical." *Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990) (citation omitted).

In this case, Plaintiffs' claims are speculative and hypothetical.  Plaintiffs' first claim for fraud by concealment is based on conclusory allegations that the prototype vehicles have defects that were not disclosed to consumers.  Putting aside the fact that consumers **can get their deposit back at any time,** the vehicles at issue here are prototype vehicles – they are not intended to be sold, nor will they be sold, to the public.  No fully developed vehicle has actually been sold to Plaintiffs, and thus they have not purchased a vehicle containing any defects. Plaintiffs cannot plausibly state a claim based on alleged issues in prototype, test vehicles that: (1) are still in development, (2) Plaintiffs know are still in development, (3) Plaintiffs acknowledged are still being developed, and (4) will never be released to consumers.  Any claim based on anticipated defects in

-9-

MEMORANDUM OF POINTS AND AUTHORITIES

1    unreleased vehicles that may never be sold, have not been fully developed, and for

2    which Plaintiffs could obtain a full deposit refund at any time, is not ripe for

3    adjudication and should be dismissed with prejudice.

4        Plaintiffs' second claim for stay of initial public offering purports to be

5    based on allegations that Rivian may go public sometime in the future, and that

6    there is concern that at that future point-in-time it may not disclose alleged defects

7    present in vehicles that have not been built.  This claim is absurd on its face.

8    Plaintiffs do not allege any specific date that Rivian intends to go public with good

9    reason – Rivian has made no announcement about plans to go public. Plaintiffs'

10   claim is based on a series of hypothetical events – i.e. the **hypothetical** non-

11   disclosure of some **hypothetical** defect in a **hypothetical** vehicle that could

12   **hypothetically** exist at the time of the **hypothetical** initial public offering.  Even

13   if Plaintiffs had standing as non-investors, any such hypothetical claims are

14   contingent on numerous future events that may not occur.

15       Accordingly, Plaintiffs' claims are not ripe and should be dismissed with

16   prejudice.

17   **C.    Plaintiffs Fail To Plead Facts Sufficient To State A Claim**

18       "Dismissal under Rule 12(b)(6) is proper when the complaint either (1)

19   lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a

20   cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013).

21   "To survive a motion to dismiss, a complaint must contain sufficient factual matter

22   . . . 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

23   U.S. 662, 678 (2009).   "The Court must disregard allegations that are legal

24   conclusions, even when disguised as facts."  *Mosqueda v. Am. Honda Motor Co.,*

25   *Inc.*, No. SACV19839MWFMAAX, 2020 WL 1698710, at *3 (C.D. Cal. Mar. 6,

26   2020) (citation omitted).  "Although 'a well-pleaded complaint may proceed even

27   if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include

28   sufficient 'factual enhancement' to cross 'the line between possibility and

-10-

plausibility.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014) (citation omitted).

After stripping the complaint of legal conclusions, "[t]he Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief." *Mosqueda*, 2020 WL 1698710, at *3 (citation and quotations omitted). "Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, 'plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.  Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible.'" *Id.* (citation omitted).

Where, as here, the allegations are based on alleged fraud, Plaintiffs must plead their allegations with particularity in compliance with Federal Rule of Civil Procedure 9(b).  "Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge[.]" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted).  This requires the plaintiff to plead the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (citation omitted)).  In other words, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess*, 317 F.3d at 1106.

### 1.    Plaintiffs Fail To Plead Facts Sufficient To State A Cognizable Claim For Fraud By Concealment

"A claim for fraud based on concealment or omission requires that: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant

must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would have acted otherwise if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff sustained damage." *In re Ford Motor Co. DPS6 Powershift Transmission Prod. Liab. Lit.*, No. CV1706656ABFFMX, 2019 WL 3000646, at *5 (C.D. Cal. May 22, 2019) (citation omitted); *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2019 WL 8683361, at *6 (C.D. Cal. Dec. 17, 2019) (same).[2]

Plaintiffs fail to plead a cognizable claim for fraud by concealment with particularly under Rule 9(b) as **they do not even identify themselves**, let alone the circumstances surrounding the alleged fraud.  Further, Plaintiffs' claim fails because (1) they fail to plead the existence of a defect that was not disclosed, (2) they fail to plead that Rivian had knowledge of a defect that it had a duty to disclose, (3) they fail to plead reasonable reliance on any alleged undisclosed defect, and (4) their concealment claims are barred by the economic loss rule.[3]

### a.   John Roe II's Claim Should Be Dismissed With Prejudice Because He Did Not Make A Deposit

As a preliminary matter, the Court should dismiss John Roe II's fraud by concealment claim with prejudice because even if he has standing, he does not allege he was defrauded.  This claim is premised on allegations that Rivian failed

---

[2] Plaintiffs do not state whether they are attempting to bring their claims under California or Michigan law.  Regardless, Plaintiffs' claims fail under both California and Michigan law.  *See, e.g., Jenkins v. Macatawa Bank Corp.*, No. 1:03-CV-321, 2006 WL 3253305, at *9 (W.D. Mich. Nov. 9, 2006) (identifying elements for fraudulent concealment under Michigan law).

[3] "On a motion to dismiss, [courts] may consider materials incorporated into the complaint."  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  Plaintiffs repeatedly refer to the Website where they make the deposit, and thus the Court may consider the terms of the deposit agreement.

MEMORANDUM OF POINTS AND AUTHORITIES

1  to disclose defects to depositors at the time they made their deposits to hold their

2  place in line for the vehicles.  John Roe II, however, is not alleged to have made a

3  deposit.  (Compl. ¶ 6(a).)  Further, John Roe II is alleged to be an insider with

4  knowledge of the defects.  Thus, even if he had placed a deposit, John Roe II could

5  not plead facts to establish the reasonable reliance on any non-disclosure as he

6  claims to have had knowledge of the information that was allegedly concealed.

7          **b.      Plaintiffs Fail To Plead A Defect**

8          The entire premise of Plaintiffs' fraud by concealment claim is that there

9  were defects in Rivian's prototype vehicles that were not disclosed at the time that

10  John Roe and Jane Roe placed their deposits for a place in line to purchase their

11  vehicles at a future date.  Plaintiffs, however, fail to allege facts establishing any

12  such defects.

13          "The Ninth Circuit has not squarely addressed the level of detail

14  necessary" to plead a defect.  *Mosqueda*, 2020 WL 1698710, at *6 (internal

15  quotations and citation omitted).  However, as this Court has noted, "[a] complaint

16  must 'contain sufficient allegations of underlying facts to give fair notice and to

17  enable the opposing party to defend itself effectively,' and those allegations 'must

18  plausibly suggest an entitlement to relief[.]'"  *Id.* (citations omitted).  Indeed,

19  numerous courts have dismissed concealment and omission claims where the

20  allegations were insufficient to plead a defect.  *See, e.g.*, *Yagman v. Gen. Motors

21  Co.*, No. CV-14-4696-MWF AGRX, 2014 WL 4177295, at *3 (C.D. Cal. Aug. 22,

22  2014) (defect insufficiently pleaded); *In re Ford Motor Co. DPS6 Powershift

23  Transmission Prod. Liab. Lit.*, 2019 WL 3000646, at *7 (same); *Callaghan v.

24  BMW of N. Am., LLC*, No. 13-CV-04794-JD, 2014 WL 6629254 (N.D. Cal. Nov.

25  21, 2014) (same).

26          In *Mosqueda*, the Court analyzed several decisions in which other courts

27  found allegations sufficient to plead a defect included the identification of the

28  actual defective component along with a description of the problems caused by the

-13-

MEMORANDUM OF POINTS AND AUTHORITIES

defect. 2020 WL 1698710, at *6 (collecting cases). The Court also distinguished the facts in *Mosqueda* from cases where the plaintiffs failed to identify a defect altogether or made general allegations that made it impossible to discern the specific nature of the defect. *Id*. at *7 (citing *Yagman* and *Callaghan*).

Here, Plaintiffs' conclusory allegations are much closer to – and in fact worse than – those cases where courts have found the defect allegations to be deficient. Plaintiffs merely conclude that they "learned that there are many serious defects in the prototype vehicles, including but not limited to 'thermal events' ('thermal events' are incidents in which defective components in the vehicles being developed . . . result in fires in the battery system, a major component of each type of vehicle . . . ), along with other defects, including structural defects relating to these vehicle's framework, and defects relating to wiring systems." (Compl. ¶ 6(c).) Plaintiffs never explain what the defect actually is at any point, much less with the requisite particularity, or identify what component or components are causing the purported "thermal events." Nor do Plaintiffs provide details of the alleged "structural defects" or "wiring systems" defects. Such vague allegations are insufficient to plead a defect. *See, e.g., Yagman*, 2014 WL 4177295, at *3 (plaintiff did not plead a defect under Rule 8 where the plaintiff alleged that the vehicle "experienced a total electrical failure."); *Callaghan v* 2014 WL 6629254, at *3 (fraudulent omission claim insufficiently pled where it asserted an unavoidable defect, but alleged only that the transmissions are prone to premature failure without alleging what the defect is).

Accordingly, Plaintiffs' failure to plead a defect is a sufficient basis to dismiss Plaintiffs' fraud by concealment claim.

### c. Plaintiffs Fail To Plead Rivian Had A Duty To Disclose The Alleged Defect

Even if Plaintiffs had alleged a defect, Plaintiffs fail to plead facts establishing that Rivian had knowledge of the alleged defect and a duty to disclose

-14-

it to Plaintiffs at the time John Roe and Jane Roe made their deposits for a place in line to be able to later purchase the as yet to be developed production vehicles.

A fraudulent omission is actionable if the omission is of "a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 835 (2006). "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.'" *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (citations omitted); *see also Kahn v. FCA US LLC*, No. 2:19-CV-00127-SVW-SS, 2019 WL 3955386, at *5 (C.D. Cal. Aug. 2, 2019) (discussing pleading requirements for duty to disclose).

Plaintiffs do not and cannot plead facts establishing that any of the *LiMandri* factors were present to trigger a duty to disclose. Under the <u>first</u> *LiMandri* factor, Plaintiffs do not plead that Rivian and Plaintiffs have any kind of fiduciary relationship. Further, under the <u>fourth</u> *LiMandri* factor, Plaintiffs do not allege any "partial representation" anywhere in the Complaint. Moreover, as detailed below, Plaintiffs cannot establish a duty to disclose under the <u>second</u> and <u>third</u> *LiMandri* factors because, even assuming they had pled a defect, Plaintiffs still fail to plead facts establishing (1) Rivian had knowledge of any defect at the time of sale (or deposit), (2) Rivian actively concealed the alleged defects, and (3) the undisclosed defects were material.

### i. Plaintiffs Fail To Plead Rivian Had Knowledge Of Any Purported Defect

Plaintiffs fail to plead any duty to disclose because they fail to plead facts establishing that Rivian had *any* knowledge – much less exclusive knowledge– of

-15-

a defect at the time of sale (or deposit).

To plead a duty to disclose under *any* of the *LiMandri* factors, "plaintiffs must sufficiently allege that a defendant was aware of a defect at the time of sale to survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145 (9th Cir. 2012); *Kahn*, 2019 WL 3955386, at *4 (granting motion to dismiss where plaintiff failed to plead knowledge of the defect at the time of sale). As this Court explained: "'The Ninth Circuit's decision in *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136 (9th Cir. 2012), explains the degree of specificity to which a plaintiff must allege regarding a defendant's actual knowledge of a product defect in fraud claims.'" *Banh*, 2019 WL 8683361, at *6 (citation omitted). "Under *Wilson*, a plaintiff must allege 'how the defendant obtained knowledge of a specific defect prior to the plaintiff's purchase[.]' Conclusory statements are not enough. However, 'the amassed weight of consumer complaints may be sufficient along with other indications that the defendant had knowledge of the defect.'" *Banh*, 2019 WL 1950295, at *6 (citations omitted).

Here, given that Rivian has not released or sold any vehicles, Plaintiffs cannot establish that Rivian had actual knowledge of defects in vehicles sold to consumers. Moreover, the prototype vehicles will not be sold to consumers. Rather, as Plaintiffs acknowledged, their deposits were merely placeholders to enable the future purchase of vehicles that are still under development. Plaintiffs cannot cite a single case where concealment claims were brought based on "defects" in prototype vehicles.

Nonetheless, even if Plaintiffs could plead a claim based on a prototype, Plaintiffs plead no facts regarding when Rivian learned of the alleged defects, how it learned of the alleged defects, or how exactly it had knowledge of the alleged defects at the time John Roe and Jane Roe placed their deposits for a place in line to be able to later purchase the future vehicles. In the absence of such facts, Plaintiffs cannot possibly allege with particularity that Rivian had knowledge of a

-16-

defect that it had a duty to disclose and failed to disclose such defect to John Roe and Jane Roe at the time of sale (or deposit).

### ii.    Plaintiffs Fail To Plead Facts Establishing Active Concealment

Plaintiffs also fail to plead facts establishing that Rivian actively concealed any defect.  "[M]erely failing to disclose a known defect is insufficient to amount to affirmative acts of concealment necessary to establish a duty to disclose." *Kahn*, 2019 WL 3955386, at *5 (quoting *Taragan v. Nissan N. Am., Inc*., No. C 09-3660 SBA, 2013 WL 3157918, at *1 (N.D. Cal. June 20, 2013)).  "An allegation of active concealment must plead more than an omission; rather, a plaintiff must assert affirmative acts of concealment; e.g., that the defendant 'sought to suppress information in the public domain or obscure the consumers' ability' to discover it." *Taragan*, 2013 WL 3157918, at *1.

Here, Plaintiffs plead no affirmative acts of concealment at all.  They do not even make the conclusory allegations that Rivian actively concealed anything concerning vehicles manufactured for sale (of which there are presently none) or even the prototypes.  Thus, Plaintiffs' allegations are insufficient to establish a duty to disclose based on an active concealment theory.

### iii.    Plaintiffs Fail To Plead That The Alleged Defects Were Material

Even if Plaintiffs could plead facts establishing knowledge of a defect at the time of sale (or deposit), Plaintiffs fail to plead facts establishing that the alleged defects were material and required to be disclosed.

"For a defect to be material, it must pose 'an unreasonable safety hazard.'" *Kahn,* 2019 WL 3955386, at *5 (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1025 (9th Cir. 2017)); *Wilson*, 668 F.3d at 1143 (in the absence of an affirmative misrepresentation by the defendant, a plaintiff must allege "that the design defect caused an unreasonable safety hazard"); *see also*

-17-

*Hodson v. Mars, Inc*. 891 F.3d 857 (9th Cir. 2018) ("where the challenged omission does not concern a central function defect, the plaintiff may still have to plead a safety hazard to establish a duty to disclose.").

In this case, as detailed above, Plaintiffs do not plead any defect at all, let alone one with the required particularity. (*See* Section 3(C)(i)(2), *supra*.) This is especially true because Rivian has not actually sold or delivered any vehicles to the public. Even if Plaintiffs had alleged a defect in prototype vehicles, those are not the vehicles that will be delivered to any depositor that chooses to purchase a vehicle. Further, although Plaintiffs make vague, conclusory references to a safety defect, Plaintiffs provide no details regarding the defects, including how or when they manifest. In fact, given that none of the plaintiffs have actually purchased a vehicle, they do not, and cannot, plead that the alleged defect actually manifested in *their* vehicles. And, Plaintiffs provide no facts establishing that the defects go to the central function of the vehicles. Put simply, Plaintiffs' vague, conclusory allegations are insufficient to establish materiality and a duty to disclose.

### d. Plaintiffs Fail To Plead Justifiable Reliance

Plaintiffs' fraud by concealment claim should be dismissed with prejudice because Plaintiffs cannot plead justifiable reliance.

"Fraud claims may be dismissed at the outset of the case where the plaintiff's allegations of reliance are implausible." *IV Sols., Inc. v. United HealthCare Servs., Inc.*, No. CV169598MWFAGRX, 2017 WL 6372488, at *9 (C.D. Cal. Sept. 27, 2017) (Fitzgerald, J.); *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1189 (C.D. Cal. 2009) ("Reasonable reliance can be decided as a matter of law."). Like each element of fraud, reliance must be pled with particularity under Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126–27 (9th Cir. 2009).

In this case, Plaintiffs cannot allege facts to establish reasonable reliance on any undisclosed defects in the prototype vehicles given that Plaintiffs knew and

-18-

acknowledged that the vehicles were still in development, and they were not placing a deposit on prototype vehicles.   To be sure, the deposit agreement specifically provided:

> <u>Vehicle Configuration and Battery Range</u>.   **You understand that we may not have completed the development** of the Vehicle or begun manufacturing the Vehicle at the time of your Pre-Order.   You further understand that the Vehicle's battery range and other available features at the starting price have not yet been determined.  By agreeing to these Terms you represent and warranty to us that you understand that the Vehicle configuration may change prior to execution of the Final Sales Agreement.

(Mortenson Decl., Ex. 2) (emphasis added).

Plaintiffs were not sold a vehicle; they placed a refundable deposit for the option to purchase a vehicle that is still being developed.  There was, and could be, no reasonable expectation that Rivian would share its confidential vehicle development information with depositors.  As a result, Plaintiffs cannot establish justifiable reliance.

### e.      The Economic Loss Rule Bars Plaintiffs' Fraud By Concealment Claim

Plaintiffs' fraud by concealment claim should also be dismissed with prejudice because it is barred by the economic loss rule.

"The economic loss rule bars tort claims that merely restate contractual obligations." *Mosqueda*, 2020 WL 1698710, at *12 (citation omitted); *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004) ("the economic loss rule prevents the law of contract and the law of tort from dissolving one into the other.").   While the California Supreme Court has created an exception to the economic loss rule for fraudulent inducement, "courts construing *Robinson* have limited the exception to fraudulent inducement claims based on affirmative misrepresentations, not omissions." *Mosqueda*, 2020 WL 1698710, at *12.

-19-

Significantly, courts routinely dismiss claims as barred by the economic loss rule where, as here, they are based on alleged concealment or omission.  *See, e.g.*, *Mosqueda*, 2020 WL 1698710, at *12 (dismissing concealment claims based on economic loss rule); *Hammond v. BMW of N. Am., LLC*, No. CV 18-226 DSF (MRWX), 2019 WL 2912232, at *3 (C.D. Cal. June 26, 2019) (omission/concealment claims barred by the economic loss rule); *Thompson v. BMW of N. Am.*, No. SACV 17-01912-CJC-KS, 2019 WL 988694, at *5 (C.D. Cal. Jan. 10, 2019) (same); Kwon *Yi v. BMW of North America LLC*, 805 F. App'x 459, 463 (9th Cir. 2020) (same).[4]

In this case, Plaintiffs do not allege any affirmative misrepresentations. Instead, Plaintiffs' fraud by concealment claim is based entirely on allegations that Rivian failed to disclose alleged defects and safety issues.  (Compl. ¶ 14.)  Just as in *Mosqueda*, because Plaintiffs seek only economic damages and premise their claims on alleged omissions, the Court should dismiss Plaintiffs' fraud by concealment claim with prejudice.

## 2.    Plaintiffs Fail To State A Claim For Injunctive Relief

Plaintiffs' second claim is for injunctive relief in the form of a stay of Rivian's unannounced, unplanned, hypothetical future initial public offering based on Plaintiffs' speculation that there will be some hypothetical defects in not-yet-produced vehicles that will not be disclosed at the time of the public offering.  As noted above, Plaintiffs lack standing to bring this claim, and it is not ripe for adjudication.  (*See* Section III(A) & (B), *supra*.)  Moreover, as detailed below, this claim fails for several additional reasons.

---

[4] *See also Murphy v. The Proctor & Gamble Co.*, 695 F. Supp. 2d 600, 608 (E.D. Mich. 2010) (Where "'the only misrepresentation by the dishonest party concerns the quality or character of the goods sold,' the economic loss doctrine would preclude a fraud claim.").

-20-

MEMORANDUM OF POINTS AND AUTHORITIES

### a.   Plaintiffs' Injunctive Relief Claim Is Legally Invalid

Plaintiffs' stand-alone claim for injunctive relief to stay the initial public offering is not a real claim; it is a remedy that is not tied to any viable claim.

As this Court has repeatedly concluded, "injunctive relief is a judicial remedy, not a claim." *Wachs v. Wells Fargo Bank, N.A.*, No. CV1208801 MWFSHX, 2012 WL 12895699, at *3 (C.D. Cal. Dec. 12, 2012) (Fitzgerald, J.); *Griffin v. Green Tree Servicing, LLC*, No. CV149408MWFVBKX, 2016 WL 6782763, at *9 (C.D. Cal. Feb. 5, 2016) (Fitzgerald, J.) (same); *Smith v. U.S. Bank Nat'l Ass'n ND*, No. CV 12-2743-MWF(VBKX), 2012 WL 12887913, at *2 (C.D. Cal. May 14, 2012) (Fitzgerald, J.) (same); *Wong v. Jing*, 189 Cal. App. 4th 1354, 1360 n.2 (2010) ("[S]pecific performance and injunctive relief are equitable remedies and not causes of action for injures").[5] Further, "a claim for declaratory or injunctive relief is ultimately a request for relief, and cannot remain where all underlying claims have been dismissed." *Tanasescu v. Kremer,* No. SACV171513DOCJDEX, 2019 WL 1091338, at *1 (C.D. Cal. Jan. 16, 2019).

Here, Plaintiffs do not assert any cognizable claim for relief, or attempt to tether their stay/injunctive relief claim to any claim for relief.  They do not plead any violation of law relating to the unannounced initial public offering, but merely speculate that there will be some unidentified violation in the future and ask the Court to enjoin the hypothetical initial public offering on that basis.  Because this is not a valid claim, it should be dismissed with prejudice.

### b.   Plaintiffs' Injunctive Relief Claim Fails for the Same Reasons Their Fraud Claim Fails

Plaintiffs' stand-alone claim for Stay of the Initial Public Offering also fails

---

[5] *See also Warner v. Fed. Home Loan Mortg. Corp.*, No. 12-15185, 2013 WL 1281932, at *7 (E.D. Mich. Mar. 26, 2013) (no claim stated "because injunctive relief is an equitable remedy, not an independent cause of action") (citing *Terlecki v. Steward,* 278 Mich. App. 644, 663 (2008)).

MEMORANDUM OF POINTS AND AUTHORITIES

for the same reasons Plaintiffs' fraud by concealment claim fails.  Plaintiffs make conclusory allegations that there are defects in the vehicle, but fail to plead facts to identify any alleged defect, let alone that such defects will exist at some point in the future when (and if) Rivian has an initial public offering.  (*See* Section 3(C)(i)(2), *supra*.)  Plaintiffs also do not allege facts establishing any knowledge of the unidentified defect.  This is another basis to dismiss Plaintiffs' injunctive relief claim with prejudice.

### c.      Plaintiffs Fail To Plead That They Are Likely To Suffer Harm In The Future

Setting aside that Plaintiffs' claim is not a valid claim, their request for a stay/injunctive relief fails as a matter of law.  To be entitled to injunctive relief, the plaintiffs must show "a sufficient likelihood that [they] will again be wronged in a similar way." *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983).  There must be a "real and immediate threat of repeated injury," *O'Shea v. Littleton,* 414 U.S. 488, 496, (1974), but "past wrongs do not in themselves amount to [a] real and immediate threat of injury," *Lyons,* 461 U.S. at 103.

Consistent with this standard, this Court and other courts have dismissed prayers for injunctive relief where there is no risk of future harm.   For example, in *Villanueva v. Am. Honda Motor Co.*, No. CV191390MWFMAAX, 2019 WL 8112467, at *13–14 (C.D. Cal. Oct. 10, 2019), this Court granted a motion to dismiss as to injunctive relief based on the non-disclosure of alleged defects.  The Court concluded that because plaintiffs already knew of the alleged defect, plaintiffs could not establish that such relief "would help them avoid future harm." *Id*.  The Court also rejected the argument that such relief could help in disclosing future defects.  The Court explained in rejecting the requirement of disclosing future defects: "**a hypothetical is too speculative to grant Plaintiffs standing to assert injunctive relief**." *Id*. (emphasis added); *see also Cabral v. Supple, LLC*, No. EDCV-12-85-MWF(X), 2016 WL 6693155, at *2 (C.D. Cal. Jan. 7, 2016)

-22-

(finding no risk of future harm).[6]

In this case, Plaintiffs are already aware of the purported defects they claim exist in the vehicle, and there is no fear that they will be duped by those defects in following through with any purchase, in investing at an initial public offering, or that they will otherwise act in any way to their detriment.  And, just as in *Villanueva*, Plaintiffs cannot plead any claim, nor any entitlement to injunctive relief, based on speculative, hypothetical defects that may exist at the time of some initial public offering, which may (or may not) occur before the vehicles are even fully developed.  Consequently, Plaintiffs cannot establish any risk of future harm.

### d.    Plaintiffs Have An Adequate Remedy At Law

Plaintiffs' stay/injunctive relief claim also fails as Plaintiffs fail to plead that they have no adequate remedy at law.  Courts frequently strike requests for equitable relief where there is an "adequate remedy at law." *See, e.g., Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) ("the district court correctly determined that Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief."); *Madrigal v. Hint, Inc.*, No. CV1702095VAPJCX, 2017 WL 6940534, at *5 (C.D. Cal. Dec. 14, 2017) (dismissing claims because "Plaintiff's argument that she has no adequate remedy at law in lieu of injunctive relief is unavailing."); *see also Weinberger v. Romero–Barcelo,* 456 U.S. 305, 311–320 (1982) ("The Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies.") (citations omitted).

Plaintiffs' claim for injunctive relief is based on the hypothetical that Rivian may have knowledge of defects in their not-yet-produced vehicles, which it may not disclose at the time of some hypothetical initial public offering that may not

---

[6] *See Cox v. Blue Cross Blue Shield of Michigan*, 216 F. Supp. 3d 820, 827 (E.D. Mich. 2016) ("The failure to make allegations of future harm is fatal to Plaintiffs' request for injunctive relief.")

MEMORANDUM OF POINTS AND AUTHORITIES

ever occur.  Notably, Plaintiffs appear to be making this claim on behalf of prospective investors at the initial public offering stage.  Assuming Plaintiffs' hypothetical claims are based on speculative future violations of some unidentified securities laws, there are adequate remedies to address any such speculative, hypothetical claims through the Securities Act of 1933, Securities & Exchange Act of 1934 and state blue sky laws.  Further, to the extent Plaintiffs based their claims on prospective purchasers being misled, there are adequate remedies under the common law, state warranty statutes and consumer protection statutes.

In summary, Plaintiffs cannot establish that there are inadequate remedies for any such hypothetical, unidentified claims.  Thus, the Court should dismiss Plaintiffs' stay/injunctive relief claim with prejudice for this independent reason.

### 3.      Plaintiffs' Complaint Fails To Comply With Federal Rule Of Civil Procedure 10

The Court should dismiss Plaintiffs' Complaint because Plaintiffs do not, and cannot, present any basis to allow them to proceed anonymously.

"Federal Rule of Civil Procedure 10 requires '[t]he title of the complaint must name all parties,' and there are no provisions in the Federal Rules allowing plaintiffs to proceed anonymously." *Doe v. City of Santa Ana*, No. SACV1300696CJCRNBX, 2013 WL 12371372, at *1 (C.D. Cal. June 10, 2013) (citation omitted).  The "use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).  "As a general rule, 'the identity of the parties in an action, civil or criminal, should not be concealed.'" *City of Santa Ana*, 2013 WL 12371372, at *1 (citation omitted).

Here, Plaintiffs have not requested that they be permitted to proceed anonymously, and they have provided no evidence that they satisfy the substantial hurdle required to allow them to hide their identity while publicly raising

-24-

MEMORANDUM OF POINTS AND AUTHORITIES

significant and conclusory allegations against Rivian. Because there is no basis to allow Plaintiffs to proceed anonymously, Rivian respectfully requests that Plaintiffs' Complaint be dismissed for failure to comply with Rule 10.

### D.   The Court Should Dismiss/Strike The Class Action Allegations

While Plaintiffs label their Complaint as a "Class Action Complaint" or purport to represent a proposed class, Plaintiffs fail to plead facts supporting the elements under Federal Rule of Civil Procedure 23 and Local Rules 23-2 through 23-2.2. Local Rule 23-2 requires that "[a]ny pleading purporting to commence a class action shall contain a separate section entitled 'Class Action Allegations.'" The rule also requires that "[t]he information required in L.R. 23-2.1 and 23-2.2 shall be set forth in that section." Further, Local Rule 23-2.2 requires Plaintiffs to plead "Class Action Requisites." However, Plaintiffs' Complaint does not comply with these requirements, but merely contains scattered class action references. Such allegations are insufficient to pursue these claims as class claims. Thus, the class action allegations should be dismissed or stricken.

## IV.   CONCLUSION

Based on the foregoing, Rivian respectfully requests that the Court grant its motion to dismiss. Because the defects cannot be cured as Plaintiffs lack standing, the claims are not ripe, and the claims are legally defective, the Court should dismiss the entire Complaint with prejudice. If the Court is inclined to allow Plaintiffs leave to amend, Rivian respectfully requests that Plaintiffs be required to file a motion for leave to amend before the Court grants leave.

DATED:  July 20, 2020         MORTENSON TAGGART LLP

By: *s/Michael D. Mortenson*
Michael D. Mortenson
Craig A. Taggart
Attorneys for Defendant
RIVIAN AUTOMOTIVE, LLC

MEMORANDUM OF POINTS AND AUTHORITIES