1  Michael D. Mortenson, Cal. Bar No. 247758
    mmortenson@mortensontaggart.com
2  Craig A. Taggart, Cal. Bar No. 239168
    ctaggart@mortensontaggart.com
3  MORTENSON TAGGART LLP
   300 Spectrum Center Dr., Suite 1100
4  Irvine, CA 92618
   Telephone: (949) 774-2224
5  Facsimile: (949) 774-2545

6  Attorneys for Defendant
   RIVIAN AUTOMOTIVE, LLC
7

8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| JOHN ROE, JANE ROE AND JOHN ROE II, | CASE NO. 8:20-cv-00998-MWF-ADS |
|---|---|
|  | Hon. Michael W. Fitzgerald |
| Plaintiffs and Putative Class Representatives, | **DECLARATION OF MICHAEL D. MORTENSON IN SUPPORT OF RIVIAN AUTOMOTIVE, LLC'S MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11** |
| vs. | |
| RIVIAN AUTOMOTIVE, LLC, and DOES 1 through 10, inclusive, | |
| Defendants. | Hearing Date: September 14, 2020<br>Time: 10:00 a.m.<br>Courtroom: 5A |

DECLARATION OF M. MORTENSON

**DECLARATION OF MICHAEL D. MORTENSON**

I, Michael D. Mortenson, declare and state as follows:

1. I am an attorney authorized to practice law in the State of California and admitted to practice before this Court. I am a partner at Mortenson Taggart LLP, and I am counsel for Defendant Rivian Automotive LLP ("Rivian") in this case. I make this declaration based on my personal knowledge, the record in this action, and the matters of public record, and if called upon as a witness, I could and would testify competently as to the matters discussed herein.

2. Attached hereto as **Exhibit 1** is a true and correct copy of a screenshot of the deposit page on Rivian's website. This information can also be found at the following website address: https://preorders.rivian.com/2322956400/checkouts/343554fe478d2045916f206403776e83.

3. On June 5, 2020, I contacted Plaintiffs' counsel to inform him that Rivian had retained Mortenson Taggart LLP as litigation counsel, and that he should refrain from contacting Rivian directly. In response to my e-mail, Timothy Cojocnean, counsel for Plaintiffs John Roe, Jane Roe and John Roe II requested a teleconference. I agreed, and the parties set a call for 11:00 a.m. on June 12, 2020. Attached as **Exhibit 2** is a true and correct copy of my email chain with Plaintiff's counsel.

4. On June 12, 2020, shortly before the parties' scheduled conference of counsel, Mr. Cojocnean sent an e-mail to me stating: "Please have a look at the attached stipulation that will be the basis of today's phone call," and attached a document entitled "STIPULATION FOR LIMITED CLASS CERTIFICATION FOR SETTLEMENT ONLY." Attached as **Exhibit 3** is a true and correct copy of Plaintiff's counsel's email and attached as **Exhibit 4** is the attachment.

5. On June 12, 2020, my partner Craig A. Taggart and I participated on a telephone call with Mr. Cojocnean who was joined by Dr. Steven Davis. I began the call by inquiring why Plaintiffs had not served my clients. In response, Mr.

Cojocnean's "Director of Litigation" and "Product Liability Expert," Dr. Davis, explained that Plaintiffs had not served Rivian because they wanted to discuss settlement, and raised the issue of stipulating to class certification to discuss settling the case. I politely declined Dr. Davis's request to stipulate to class certification and explained to him and Mr. Cojocnean that Rivian was not interested in settlement discussions because Plaintiffs' claims lacked merit.

6. I then informed Mr. Cojocnean and Dr. Davis that we intended to file a motion to dismiss Plaintiffs' complaint, and pursuant to Local Rule 7-3, attempted to meet and confer with them to explain the Complaint's deficiencies and grounds for Rivian's Federal Rule of Civil Procedure 12 motion. Among other arguments addressed during our call, I explained that the Plaintiffs lacked standing to bring their claims, the claims are not ripe for adjudication, and no claim is stated under Federal Rules of Civil Procedure 8 or 9(b).

7. At that point, Dr. Davis interrupted me and loudly stated that I must not be aware of the "Ford IPO and Toyota IPO cases" and that this case, like those, is worth "billions" of dollars. After this outburst, Dr. Davis and Mr. Cojocnean both indicated that if Rivian was not going to engage in settlement discussions, they would be issuing a press release and serving the Complaint. The call then ended.

8. Approximately 1 hour after the call ended, Mr. Cojocnean sent me an email making additional threats against me and my law firm, as well as Rivian. A true and correct copy of Mr. Cojocnean's email is attached as **Exhibit 5**.

9. On June 15, 2020, my partner, Craig A. Taggart, responded to Mr. Cojocnean's June 12, 2020 email. Mr. Taggart offered to conduct a further meet and confer on the base of Rivian's Rule 12 motion to dismiss. A true and correct copy of Mr. Taggart's email is attached as **Exhibit 6**.

10. On June 30, 2020, I sent Mr. Cojocnean an email inquiring about service of the complaint on Rivian or dismissal. Attached as **Exhibit 7** is a true and correct copy of my email.

11. To date I have not received a response to Mr. Taggart's June 15, 2020 email or to my June 30, 2020 email.

12. Deposits are made subject to the "Terms & Conditions" on Rivian's website. Attached hereto as **Exhibit 8** is a true and correct copy of Rivian's Terms and Conditions.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct and that this declaration was executed this 21st day of July, 2020, at Irvine, California.

*/s/Michael D. Mortenson*
Michael D. Mortenson