UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | SACV 20-998-MWF (ADSx) | **Date:** August 24, 2020 |
| **Title:** | Roe, et al. v. Rivian Automotive LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING MOTION TO DISMISS [11]

Before the Court is Defendant Rivian Automotive, LLC's ("Rivian") Motion to Dismiss (the "Motion"), filed on July 20, 2020. (Docket No. 11). Plaintiffs John Roe, Jane Roe, and John Roe II did not file an opposition.

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on August 17, 2020, pursuant to General Order 20-09 arising from the COVID-19 pandemic. The courtroom deputy sent counsel a tentative order that stated that whether to grant leave to amend would be discussed at the hearing. Counsel for Plaintiffs did not call-in to join the hearing and never contacted the courtroom deputy to explain their absence.

For the reasons stated below, the Motion is **GRANTED** *without leave to amend*. Plaintiffs' failure to oppose the Motion is a sufficient ground to grant the Motion. Local Rule 7–12; *see Ewing v. Ruano*, No. CV 09-8471 VAP (ANx), 2012 WL 2138159, at *1 (C.D. Cal. June 12, 2012) ("As noted, Plaintiff failed to oppose the defendants' motion to dismiss by the deadline established in the Local Rules. Accordingly, pursuant to Local Rule 7–12, the Court finds good cause for granting the defendants' unopposed motion to dismiss.").

The Court determines the Motion should be granted on the merits as well. Plaintiffs lack standing because of the lack of a concrete injury.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** SACV 20-998-MWF (ADSx)            **Date:** August 24, 2020
**Title:** Roe, et al. v. Rivian Automotive LLC, et al.

## I. BACKGROUND

Plaintiffs commenced this action on May 29, 2019. (Complaint at 1 (Docket No. 1)). The Complaint is brought on behalf of a putative class, requests that the named plaintiffs be allowed to proceed in pseudonym, demands a jury trial, and asserts a claim for fraud by concealment. (*See generally id.*).

The following facts are based on the Complaint, which the Court assumes are true and construes any inferences arising from those facts in the light most favorable to Plaintiffs. *See, e.g.*, *Schueneman v. Arena Pharm., Inc.*, 840 F.3d 698, 704 (9th Cir. 2016) (restating generally-accepted principle that "[o]rdinarily, when we review a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), we accept a plaintiff's allegations as true 'and construe them in the light most favorable' to the plaintiff" (quoting *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009)).

Plaintiffs are three unnamed and unidentified individuals who filed their anonymous "Class Action Complaint" against Rivian, a start-up automotive manufacturer. (Complaint at 2). Plaintiffs made a $1,000 deposit to Rivian to hold a "place in line" for the future purchase of a Rivian vehicle. (*Id.* at 3). Plaintiffs later learned of potential structural and electrical defects with the vehicles being developed by Rivian. (*Id.* at 3-4). Plaintiffs now regret making the $1,000 deposit and have suffered "psychological and emotional distress, humiliation, and mental and physical pain and anguish." (*Id.* at 5). Plaintiffs seek economic and punitive damages under a theory of fraud by concealment. (*Id* at 5-6.) Plaintiffs also seek to enjoin Rivian from engaging in an initial public offering. (*Id.* at 8).

## II. DISCUSSION

Rivian argues that the Complaint should be dismissed because (1) Plaintiffs lack standing; (2) the issue is not ripe; and (3) Plaintiffs have failed to state a claim under the heightened pleadings standards of Rule 9(b). (*See generally* Motion). Because the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  SACV 20-998-MWF (ADSx)**                           **Date:  August 24, 2020**
**Title:**     Roe, et al. v. Rivian Automotive LLC, et al.

Court determines that Plaintiffs lack standing, the Court need not address Rivian's ripeness and Rule 9(b) arguments.

Standing is a jurisdictional requirement, and a party invoking federal jurisdiction has the burden of establishing it.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Standing contains three elements: (1) the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id*. at 560-61.  Here, Rivian for the most part makes a facial attack on jurisdiction based on the allegations of the Complaint.  Therefore, the Court construes the allegations in the light most favorable to Plaintiffs.

Rivian asserts that Plaintiffs have not suffered a redressable injury because they have not actually purchased a defective vehicle and Plaintiffs can get a full refund of their deposit at any time.  (Motion at 7-9).  In addition, Plaintiff John Roe II is not alleged to have even made a deposit.  The Court agrees.  Even assuming Rivian's prototype has a defect, Plaintiffs cannot show that they are harmed because they can still receive refunds on their deposits (if made) and have not made any other commitments, financial or otherwise, to purchase any vehicles.  (Michael D. Mortenson Declaration ("Mortenson Decl.") (Docket No. 11), and Exs. 1 & 2 thereto).

The Complaint does make a bare-bones allegation of emotional distress, humiliation, etc., in regard to harm and thus standing.  Because the *Twombly/Iqbal* standard does not apply to facial attacks on standing, it is a close question whether the harm allegation is a (barely) sufficient allegation of fact or a conjectural assertion of law.  *See Maya v. Centex Corp.,* 658 F.3d 1060, 1068 (9th Cir. 2011) (district courts should use cases involving the constitutional jurisprudence of standing, not *Twombly/Iqbal*, when deciding motions attacking standing under Rule 12(b)(1)).  In this business transaction, the assertion of emotional distress seems illogical even in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.**  SACV 20-998-MWF (ADSx) | **Date:**  August 24, 2020 |
| **Title:**     Roe, et al. v. Rivian Automotive LLC, et al. | |

absence of *Twombly* and *Iqbal*.  Had counsel for Plaintiffs opposed the Motion, the Court would have been inclined to grant the Motion but also to grant leave to amend.

But counsel for Plaintiffs did ***not*** oppose the Motion, either by filing an opposition or by appearing at the hearing.  This Court is not obliged to act as the lawyer for Plaintiffs and concoct some fanciful basis for harm.  Pursuant to Local Rule 7-11, therefore, leave to amend is likewise **DENIED**.

Because the Court determines that Plaintiffs do not have standing to assert the claim, the Court need not determine whether the claim is ripe or whether Plaintiffs stated a claim under Rule 9(b).

### III.  CONCLUSION

For these reasons stated above, the Motion is **GRANTED** *without leave to amend*.  The action is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.