Michael D. Mortenson, Cal. Bar No. 247758
 mmortenson@mortensontaggart.com
Craig A. Taggart, Cal. Bar No. 239168
 ctaggart@mortensontaggart.com
MORTENSON TAGGART LLP
300 Spectrum Center Dr., Suite 1100
Irvine, CA 92618
Telephone: (949) 774-2224
Facsimile: (949) 774-2545

Attorneys for Defendant
RIVIAN AUTOMOTIVE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE, JANE ROE AND JOHN ROE II,<br><br>Plaintiffs and Putative Class Representatives,<br><br>vs.<br><br>RIVIAN AUTOMOTIVE, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:20-cv-00998-MWF-ADS<br><br>Hon. Michael W. Fitzgerald<br><br>**REPLY IN SUPPORT OF DEFENDANT RIVIAN AUTOMOTIVE, LLC'S UNOPPOSED MOTION FOR SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 11**<br><br>Hearing Date: September 14, 2020<br>Time: 10:00 a.m.<br>Courtroom: 5A |

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs John Roe, Jane Roe and John Roe II initiated this anonymous lawsuit against Defendant Rivian Automotive, LLC and immediately attempted to extract a settlement through repeated threats made to Rivian and its counsel. Rivian refused to play ball and immediately moved to dismiss Plaintiffs' legally defective complaint. Rather than defend the lawsuit that **Plaintiffs initiated** in this Court, Plaintiffs ignored Rivian's motion to dismiss, failed to appear at the hearing on Rivian's motion to dismiss, and failed to respond to Rivian's Rule 11 motion served more than 30-days ago. Plaintiffs' failure to defend their lawsuit confirms their Complaint was filed for an improper purpose. Rivian respectfully requests that the Court issue Rule 11 sanctions to compensate Rivian for having to defend against Plaintiffs' frivolous lawsuit and to deter Plaintiffs from wasting the Court's resources and abusing the legal process in the future.

Rivian's Rule 11 motion established that Plaintiffs' claims were frivolous, and that they were filed for an improper purpose. The entire premise of Plaintiffs' Complaint was that Rivian engaged in fraud by not disclosing to depositors that the **prototype** vehicles were still under development and contained defects, even though the terms and conditions the contract depositors agreed to for their fully refundable deposits made absolutely clear the vehicles were still under development. This Court agreed with Rivian and confirmed the frivolousness of Plaintiffs' complaint as the Court's dismissal found that Plaintiffs failed to plead any injury at all by virtue of their alleged fully refundable deposits, and John Doe II made no deposit at all.

Rivian's Rule 11 motion also established that Plaintiffs' claims were filed for an improper purpose. After filing the Complaint and before Rivian served its Rule 11 motion, Plaintiffs attempted to coerce a settlement through various threats to Rivian and its counsel, including, but not limited to, threatening to issue a press release whereby Plaintiffs' counsel would accuse Rivian's counsel of rejecting

their settlement to increase its billable hours, and alerting the Court to some ongoing "crime-fraud" in which Rivian and its counsel were supposedly engaged.

Importantly, the service of Rivian's Rule 11 motion did not curtail Plaintiffs' improper actions. Indeed, despite Plaintiffs' apparent abandonment of this case, Plaintiffs' improper tactics have not only continued, but escalated. After Rivian filed its motion to dismiss, Plaintiffs sought to put further pressure on Rivian by indicating that they were working with Tesla, Inc. Notably, Plaintiffs' Complaint characterizes Rivian as "a major competitor of Tesla, Inc." In response to meet and confer correspondence between the parties, Plaintiffs informed Rivian's counsel that they were "in contact with Plaintiff's Attorney in Tesla v. Rivian . . . and are offering them access to our client . . . ." This was no doubt an additional threat to bring Rivian to the settlement table by suggesting that their client was offering assistance to Tesla in a separate and entirely unrelated lawsuit between Tesla and Rivian. Plaintiffs also accused Rivian's counsel of "unethical practices" and stated that they "will be filing a motion for disqualification."

Moreover, a few days before the hearing on the motion to dismiss, Plaintiffs threatened to file a motion to stop a documentary from airing on Apple TV in an apparent attempt to bring Rivian to the table. Specifically, Rivian's counsel received an e-mail from "J. Steven Davis, J.D., D.D.," who has the title of "Director of Litigation" for Plaintiffs' counsel's law firm. Davis – a Doctor of Divinity – requested to meet and confer in anticipation of a temporary restraining order they intended to file in this case. Rivian agreed to meet and confer after the hearing on the motion to dismiss, but Plaintiffs never responded and confirmed.

Since Davis also took the lead for Plaintiffs' counsel in the initial meet and confer where many of the initial threats were made, and was taking the lead to reach out again, Rivian's counsel researched whether he is a practicing attorney. He is not. Upon investigation, it appears that Davis resigned from the practice of the law in 2004 after issues arose with the State Bar of California, that Davis may

have a state and federal criminal record, and that Davis was deemed a vexatious litigant by both District Judge Klausner and the Superior Court of California, Riverside County.

Given Plaintiffs' counsel's tactics and refusal to identify John Roe and Jane Roe,[1] Rivian seriously questions whether they are even real people, whether they actually made deposits at all, and, if deposits were made, whether they were made simply to manufacture a lawsuit in hope of extracting a quick settlement. Plaintiffs' failure to respond leaves these questions unanswered. Notwithstanding, by filing this Complaint and then failing to dismiss it, Plaintiffs improperly forced Rivian to incur legal expenses in litigating this case and wasted this Court's resources. As a result, Rivian respectfully requests that the Court order Plaintiffs to identify themselves on the public docket, and that the Court issue Rule 11 sanctions against Plaintiffs and their counsel joint and severally for the reasonable attorneys' fees incurred in defending this case.

## II. ADDITIONAL FACTS

### A. Rivian Files Its Motion to Dismiss And Rule 11 Motion, And Plaintiffs Attempt To Exert More Pressure On Rivian

On July 20, 2020, Rivian filed its motion to dismiss Plaintiffs' Complaint. (Dkt. No. 11.) The next day, Rivian served Plaintiffs with its Rule 11 motion. (Dkt. No. 16-11.)

After moving to dismiss, Rivian became concerned that Plaintiffs may attempt to publish Rivian's confidential and proprietary information in public filings. Indeed, John Roe II claimed to be an insider at Rivian (*see* Compl. ¶ 6(e)), and Rivian has all employees enter into confidentiality agreements as part of their

---

[1] John Roe II filed a separate case in California state court. After Rivian sought *ex parte* relief requesting that Plaintiffs' counsel disclose John Roe II's identity, Plaintiffs' counsel identified John Roe II as Simeon Hunter. (Supplemental Declaration of Michael D. Mortenson ("Suppl. Decl."), Ex. 12.) However, Plaintiffs continue to refuse to identify John Roe and Jane Roe.

employment due to the sensitive proprietary information associated with the development of electric vehicles in the competitive automobile marketplace. Rivian's concern was based in part on the fact that John Roe II admitted to sharing confidential information with John Roe and Jane Roe in Plaintiffs' Complaint. (*Id.*)  As a result of its concerns, on July 23, 2020, Rivian's counsel sent Plaintiffs a letter requesting that they confirm that they will not publish any of Rivian's confidential information in a public filing.  (Supp. Decl. ¶ 2.)  Rivian informed Plaintiffs that if they would not provide such confirmation, it would apply *ex parte* to prevent the filing and disclosure of confidential information publicly.  (*Id.*)

That same day, Plaintiffs' counsel responded to Rivian with two letters. The first letter purported to respond to the confidentiality concerns.  (*Id.*, Ex. 9.) Plaintiffs' counsel accused Rivian's counsel of writing a "violation of civility letter." (*Id.*)  Plaintiffs' letter, however, did not respond to Rivian's concerns, but merely asserted that a confidentiality agreement is not a defense to a whistleblower case.  Plaintiffs' second letter referenced the Rule 11 motion and asserted that they "would have desired an in person meet and confer before the Motion for Sanctions was filed."  (*Id.*, Ex. 10.)  Of course, no motion for sanctions was actually filed at that time; Rivian merely served the motion in compliance with the safe harbor provisions set forth in Rule 11.

After receiving Plaintiffs' letters, Rivian's counsel responded and explained that "it appears that you misunderstood the intent and purpose of my letter." (*Id.*, Ex. 11.)  Rivian's counsel further explained: "To the extent you are planning to disclose Confidential Information in court filings, such disclosure must, at a minimum, be filed under seal or you must give my clients advance notice so that we can obtain a protective order as required under [the Confidentiality] Agreement."  (*Id.*)  Rivian's counsel again sought confirmation that no confidential information would be filed publicly, and that Rivian would move *ex parte* if it could not obtain that confirmation.  (*Id.*)

-4-
MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs, citing an irrelevant case, then responded by e-mail: "Under that case your threat is a Rule 11 violation, unless you can explain why this decision is not relevant to our case." (*Id.*) No doubt to exert further pressure on Rivian, Plaintiffs' counsel then suggested that his client will be providing information to Tesla, writing:

> "We are in contact with the Plaintiffs' Attorney in Tesla v. Rivian, Santa Clara Superior Court Case no. 20CV368472 and are offering them access to our client if they wish to take their deposition as that is a case which pertains to stolen intellectual property by your client from Tesla, of which our client has rather detailed knowledge. We will be listing that case as a related case in our actions."

(*Id.*)

On July 24, 2020, Rivian's counsel provided *ex parte* notice in a separate state court proceeding brought by John Roe II against Rivian. (*Id.*, Ex. 12.) Rivian's *ex parte* notice sought the same confirmation that Plaintiffs will not publicly file Rivian's proprietary information, and it also sought the identify of John Roe II (aka Simeon Hunter). (*Id.*)

In response, Plaintiffs indicated, among other things: "In light of Tesla v. Rivian your motion is null, void and in bad faith." Plaintiffs again stated that Rivian's "Rule 11 motion and your ex-parte are in bad faith[.]" (*Id.*) Plaintiffs also threatened: "We have reason to believe that Plaintiff's attorney in Tesla v. Rivian will be deposing our client forthwith[.]" (*Id.*) And, Plaintiffs then threatened: "In light of the above, we will be requesting sanctions regarding both motions and will be filing a motion for disqualification based on your unethical practices thus far." (*Id.*) Plaintiffs also stated: "Be advised that from this point forward we will be forwarding all the emails, correspondence and pleadings to plaintiff's counsel in Tesla v. Rivian." (*Id.*)

That same day, Rivian responded with its understanding that Plaintiffs will not file confidential information publicly. However, Rivian's counsel requested the identity of John Roe II. (*Id.*) After a few e-mail exchanges and after filing its *ex parte* papers, Plaintiffs disclosed John Roe II as former Rivian employee Simeon Hunter. Plaintiffs' counsel then indicated that he planned to file an amended complaint in the state court case. (*Id.*)

Rivian's counsel then responded: "Turning to the federal class action complaint, can you please confirm the identities of the class representatives, John Roe and Jane Roe? Otherwise, can you please explain the basis for proceeding anonymously?" (*Id.*) On July 28, 2020, Plaintiffs' counsel responded: "I will speak with them today and get back to you." (*Id.*) Not surprisingly, Plaintiffs never responded and got back to Rivian's counsel.

### B. Rivian Learns That Plaintiffs' Director Of Litigation Is A Vexatious Litigant

On August 11, 2020, the week before the hearing on Rivian's motion to dismiss, Rivian's counsel received an e-mail from "J. Steven Davis, J.D., D.D." who has the title of "Director of Litigation" for Plaintiffs' counsel's firm. (*Id.*, Ex. 13.) This is the same person that took the lead during the initial call with Rivian's counsel on June 12, 2020. (*See* Dkt. No. 16-2 [Mortenson Decl. ¶¶ 5-7].) Davis' e-mail was entitled "Request for Rule 7.3 Meet and Confer Roe v Rivian." (Supp. Decl., Ex. 13.) The e-mail stated Plaintiffs' "intent to file a Motion to stop the September broadcast of the Rivian Documentary on Apple TV Plus." (*Id.*)

The next day, Rivian's counsel responded to Davis' e-mail stating that he was out of town on vacation, but offered to meet and confer after the motion to dismiss hearing. (*Id.*) Neither Davis nor Plaintiffs' counsel of record responded to Rivian's counsel's e-mail. This was no doubt a last-ditch effort to try and discuss a settlement before the motion to dismiss hearing.

-6-
MEMORANDUM OF POINTS AND AUTHORITIES

After receiving the e-mail from "J. Steven Davis," Rivian searched for information regarding Davis' ability to practice law given that he appeared to be leading the litigation (*see* Dkt. No. 16-2 [Mortenson Decl. ¶¶ 5-7]), and because Davis identifies himself as a "J.D.," even though he has not made a formal appearance for Plaintiffs in this case.[2] The California State Bar website indicates that someone with the same name as Davis resigned from the practice of law on June 18, 2004. (Supp. Decl., Ex. 14.) This appears to be about one-week before the Los Angeles Times reported that a lawyer with the same name was arrested federally "on charges of income tax evasion, filing a false loan application, witness tampering, impersonating a federal officer and attempting to carry a loaded handgun onto an airplane." (*Id*., Ex. 15, 19.)

It also appears that Davis has been deemed a vexatious litigant in Riverside Superior Court in 2014 and that District Judge Klausner previously found Davis to be a vexatious litigant. (*Id*., Exs. 14, 17.) Further, it appears that Davis has previously been arrested for "impersonating a peace officer, impersonating a fireman and exhibiting a fake federal badge for the purpose of posing as a law enforcement official . . . ." (*Id*., Ex. 18.)

### C. Plaintiffs Fail To Appear At The Hearing On Rivian's Motion To Dismiss, Or Respond To Rivian's Rule 11 Motion

On August 13, 2020, the Court issued an order setting the telephonic hearing on Rivian's motion to dismiss for August 17, 2020 at 10:30 a.m. on Rivian's motion to dismiss. (Dkt. No. 14.)

---

[2] Notably, Plaintiffs' counsel appears to have represented James Steven Davis in litigation that was pending before District Judge Selna in the United States District Court for the Central District of California in a case entitled *James Steven Davis v. First Southern Baptist Church of Buena Park, Inc.*, et al., Case No. 8:19-cv-00093-JVS-KES. While Plaintiffs' counsel's name is not listed on the docket, he appeared for Davis at the settlement conference as set forth at Dkt. No. 178 on the docket.

-7-
MEMORANDUM OF POINTS AND AUTHORITIES

On August 17, 2020, shortly before the hearing, the Court's clerk e-mailed the tentative ruling to counsel. Notably, Plaintiffs' counsel has corresponded with Rivian's counsel throughout this litigation with the exact same e-mail address (tim@ocemploymentlaw.com) that is on the ECF docket, which the Court's clerk also used to e-mail the tentative. Rivian's counsel appeared for the hearing on the motion to dismiss, but Plaintiffs' counsel did not.

On August 17, 2020, Rivian filed its Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11. (Dkt. No. 16.) Given that Rivian had served this motion on July 21, 2020, Rivian waited well-beyond the 21-day safe harbor period before filing the motion.

On August 24, 2020, the Court granted Rivian's motion to dismiss without leave to amend. (Dkt. No. 17.) That same day, Plaintiffs failed to file any opposition to Rivian's Rule 11 motion or a notice of non-opposition.

### III.  ARGUMENT

#### A.  The Court Should Grant Rivian's Unopposed Motion And Issue Sanctions

Rivian established in its motion that Plaintiffs and their counsel violated Rule 11 by filing a frivolous Complaint for an improper purpose. Specifically, Plaintiffs filed their Complaint containing frivolous claims and then proceeded with a strategy to try and extract a settlement through improper threats. Significantly, Plaintiffs have not even attempted to defend their actions. Indeed, Plaintiffs' failure to oppose Rivian's Rule 11 motion constitutes consent to the granting of the motion. *See* C.D. Cal. L.R. 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . .").

"The district court has wide discretion in determining the appropriate sanction for a Rule 11 violation." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). However, as noted in Rivian's motion: "In a case like

this, where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions." *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

At the time the motion to dismiss was filed and the Rule 11 motion was served, Rivian was hopeful that Plaintiffs would dismiss their Complaint. Instead, their improper conduct continued. They attempted to exert additional pressure on Rivian at the same time they failed to respond to Rivian's motion to dismiss. They also wasted this Court's resources by failing to dismiss the Complaint and by failing to show at the motion to dismiss hearing. As a result, Rivian respectfully requests that the Court issue sanctions against Plaintiffs and their counsel, jointly and severally, in the amount of the reasonable attorneys' fees reasonably incurred in defending this action to be determined by supplemental declaration from Rivian's counsel.

  **B. The Court Should Order Plaintiffs To Reveal Their True Identities On The Public Docket**

Plaintiffs initiated their Complaint anonymously under the pseudonyms John Roe, Jane Roe and John Roe II. Plaintiffs never sought any relief to proceed under pseudonyms. As the United States Court of Appeals for the Ninth Circuit has explained: "[The] use of fictitious names runs afoul of the public's common law right of access to judicial proceedings . . . and Rule 10(a)'s command that the title of every complaint 'include the names of all the parties.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Thus, "[a]s a general rule, 'the identity of the parties in an action, civil or criminal, should not be concealed.'" *Doe v. City of Santa Ana*, No. SACV1300696CJCRNBX, 2013 WL 12371372, at *1 (C.D. Cal. June 10, 2013) (citation omitted).

Now that the Court has granted Rivian's motion to dismiss, Plaintiffs should be ordered to identify themselves on the public docket so that Rivian can seek its costs, so that Rivian knows the true identities of Plaintiffs for any preclusive effect

the Court's dismissal may have in future proceedings, and so that Rivian can enforce the award of any sanctions that the Court may issue. Thus, in addition to the relief sought in Rivian's Rule 11 motion, Rivian respectfully requests that the Court also order Plaintiffs to disclose their identities.

## IV. CONCLUSION

Based on the foregoing, Rivian respectfully requests that the Court grant Rivian's unopposed motion for Rule 11 sanctions.

DATED: August 31, 2020      MORTENSON TAGGART LLP

By: /s/Michael D. Mortenson
    Michael D. Mortenson
    Craig A. Taggart
    Attorneys for Defendant
    RIVIAN AUTOMOTIVE, LLC