**Orange County Employment Law Firm PC**
Timothy M. Cojocnean (SBN: 324708)
Tim@OCEmploymentLawFirm.com
19200 Von Karman Avenue Suite 345
Irvine, California 92612
Tel:  (949) 536-5622
Fax: (949) 669-3132

Attorneys for Plaintiff JOHN ROE, JANE ROE and JOHN ROE II a.k.a.
KENNAN MOODY, SARAH KARP and SIMEON HUNTER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE, JANE ROE and JOHN ROE II a.k.a. KENNAN MOODY, SARAH KARP and SIMEON HUNTER, and Roes 1 to 10, Inclusive<br><br>      Plaintiffs,<br>        Putative Class<br>        Representatives<br>  vs.<br><br>RIVIAN AUTOMOTIVE LLC. and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No.: 8:20-CV-00998-MWF-ADS<br><br>Hon. Michael W. Fitzgerald<br><br>**PLAINTIFFS' LODGMENT OF DOCUMENTS IN OPPOSITION TO RULE 11 MOTION; MOTION NULL AND VOID FOR VIOLATION OF LOCAL RULE 7-3**<br><br>Hearing Date:  September 14, 2020<br>Time:         10:00 a.m.<br>Courtroom:     5A |

**MEMORANDUM OF POINTS AND AUTHORITIES**

# I.    INTRODUCTION

Plaintiff's John Roe a.k.a. Kennan Sfregola Moody (hereafter "Moody") and Jane Roe a.k.a. Sarah Elizabeth Karp (hereafter "Karp") initiated this complaint *after* each had placed a deposit to secure a place in line to purchase a Rivian vehicle, and becoming aware of Defendant Rivian's false and misleading statements regarding the safety and veracity of its vehicles intended for production and sale to the general public, as well as Rivian's *undisclosed* engagement in intellectual property and trade secret theft, made public in the case *Tesla Inc. v. Rivian Automotive, LLC* Santa Clara Superior Court Case No. 20cv368472, which holds potential to severely delay or completely halt the production and sale of it's vehicles, all while holding deposits of some 30,000 unwitting consumers/depositors, to the tune of 30-million dollars.

Prior to Tesla Inc.'s (hereafter "Tesla") aforementioned filing, in or around early 2020, Plaintiff John Roe II a.k.a. Simeon Hunter (hereafter "Hunter") engaged counsel to pursue legal action against Defendant Rivian for wrongful termination, whistleblower retaliation and disability discrimination after he was terminated for complaining that Defendant Rivian's business practices in securing a contract to be featured in a docuseries (to be aired on Apple T.V.) could be considered fraud. Hunter worked as a senior development engineer for Defendant Rivian and brought this current action as a whistleblower based on personal knowledge and informed belief, obtained during his employment with Rivian, and out of concern for public welfare and safety. Although Hunter never placed a deposit for a Rivian vehicle, the allegations brought in the present action against Defendant Rivian are based on his personal knowledge and belief that Defendant Rivian is soliciting investments and deposits fraudulently in violation of Federal Law, and the retaliation he

**MEMORANDUM OF POINTS AND AUTHORITIES**

experienced at the hands of Defendant Rivian after complaining about said activity.

This complaint was brought anonymously in for two reasons: 1) to protect Plaintiffs from retaliation by Defendant Rivian (Plaintiff Hunter wishes to continue his employment within the electronic vehicle industry, which is relatively small and close-knit, and has already experienced retaliation at the hands of Defendant Rivian. Plaintiffs Moody and Karp are both actively engaged in environmental conservation activism and also feared retaliation by Defendant Rivian based on Defendant's history) (*see* Compl. ¶ 2); and 2) in an explicit effort to afford Defendant Rivian the opportunity to rectify its behavior without causing damage to its own reputation.

Attached hereto, **Exhibits A and B** are true and correct copies of every email correspondence between Plaintiffs' counsel's office and Defendant's counsel's office (**Exhibit A** includes every email correspondence from counsel-for-Defendant Michael D. Mortenson, **Exhibit B** includes every email correspondence from counsel-for-Defendant Craig A. Taggart).

On or around June 12, 2020, and after an exchange of preliminary scheduling emails, counsel for the parties engaged in the ***one-and-only*** verbal telephonic discussion held between the parties. (Ex. A at 011 – 0015.).

Plaintiffs served the complaint on July 20, 2020. Within 24-hours of service of the complaint, a courier delivered a copy of Defendant Rivian's Notice of Motion and Motion for Sanctions Pursuant to F.R.C.P. Rule-11 ("Rule 11 Motion").

On July 23, 2020, Plaintiffs notified Defendant in both an email and a letter that Defendant must comply with Local Rule 7-3 before filing a Rule

**MEMORANDUM OF POINTS AND AUTHORITIES**

11 Motion (Ex. A – 008, Ex. C.).

On August 17, 2020, Defendant filed its Rule 11 Motion for Sanctions.

The Court should note the words "Rule 11 Motion" do not appear once in a any correspondence from Defendant's counsel's office. (Ex. A, Ex. B.). Defendant Rivian filed its Rule 11 motion without meeting and conferring with Plaintiffs in violation of Local Rule 7-3.

Counsel for Defendant's summary regarding Dr. James Steven Davis, although factually correct to a degree, are misleading and irrelevant. On December 18, 2018, the Court received a Notice and Order Regarding Filing by a Vexatious Litigant (Dr. Davis) and ordered the complaint to not be filed pursuant to that order. On January 1, 2019, Judge Klausner found that the order rejecting the filing of that complaint was made in error, vacated the order and allowed him to proceed with filing. (Ex. D.). Dr. Davis is an employee of Plaintiffs' counsel's law firm in strict compliance with California Rule of Professional Conduct 1-311, discussed in further detail below, and his mention in the pleadings is improper and irrelevant.

Lastly, Plaintiffs failed to respond to either motion as a result of communication breakdown due to the work-from-home order put in place in California which caused the e-service of both motions to go unnoticed. However, had counsel for Defense attempted to meet and confer regarding the substance of the present motion in compliance with Local Rule 7-3, the Court might have been spared unnecessary expenditure of its resources claimed by Defendants. Plaintiffs and Plaintiffs' counsel therefore respectfully request that the Court deny Defendant's  Rule 11 Motion For Sanctions for failing to comply with Local Rule 7-3, and either dismiss the case as it stands, or reopen the present motion pursuant to Fed. R. Civ. P. 60(b)(1) – Excusable Neglect to allow  Plaintiffs the opportunity to file a timely opposition and present oral arguments.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## II.   ADDITIONAL FACTS

### A.   Plaintiffs Have Not Publicly Disclosed Any Proprietary Or Confidential Information

Counsel for Defendant's claim that Plaintiffs reacted to their filing a motion to dismiss and Rule 11 motion by "applying pressure" to Defendant are unwarranted. Rather, Plaintiffs believe that Defendants filing a Rule 11 motion was done with the intent to intimidate Plaintiffs from seeking legal recourse by way of threat of financial penalty.

In its Unopposed Reply, (hereafter "reply") Defendant cites paragraph 6(e) of the operative complaint as Simeon Hunter admitting to having disclosed "sensitive and proprietary information" with John Roe and Jane Roe without any evidence aside from that mere subsection. This subsection reads, in relevant part, "John Roe II has personal knowledge of those Public safety issues, and has made Defendant Rivian, Plaintiffs, and Putative Class Counsel aware of them, prior to filing this action." (*see* Compl. ¶ 6(e)).   Public safety issues are not sensitive or proprietary information, and are not protected under any non-disclosure agreement regarding employment.

On July 27, 2020, Plaintiffs' counsel expressly indicated that neither Plaintiffs nor Plaintiffs' counsel had disclosed, or planned to disclose (and still have not disclosed) any proprietary or confidential information to anyone. (Ex. E at 3.) In this correspondence, Plaintiffs' counsel made clear that Plaintiffs' counsel had been contacted by Tesla Inc.'s attorney of record and had briefly discussed (in vague terms) the allegations in the present complaint, and that Counsel for Simeon Hunter would speak with him that Counsel for Tesla might be interested in deposing Hunter by way of subpoena, as permitted by Defendants confidentiality agreement. (Ex. A – 002 - 003) At this time, Mr. Hunter was not yet identified. Characterizing

**MEMORANDUM OF POINTS AND AUTHORITIES**

Mr. Hunter's contemplation of his rights pursuant to Federal Laws, as well as the confidentiality agreement, to provide testimony pursuant to a subpoena as a "threat" is misleading.

### B. Dr. James Steven Davis Is Irrelevant To the Present Litigation

"I believe that each person is more than the worst thing they've ever done," - Bryan Stevenson, lawyer and the founder and Executive Director of the Equal Justice Initiative. The James Steven Davis cited in the various articles presented as exhibits to Defendant's reply and Plaintiffs' Counsel's Director of litigation ("Dr. Davis") are, in fact, one in the same. Admittedly, Dr. Davis has a rather checkered past involving very serious allegations and severe misconduct. As a result, Dr. Davis was sentenced to five years in federal prison. Prior to serving his sentence, Dr. Davis was involved in a horrific plane crash which left him permanently disabled. After his release from Prison, Dr. Davis was homeless and living in his car for a number of years.

Plaintiffs' counsel first met Dr. Davis in or around December 2020 when approached by Dr. Davis regarding his (at the time) pending civil matter against First Southern Baptist Church of Buena Park, before The Honorable Judge Selna, where he was represented by Plaintiffs' counsel, Plaintiffs' Counsel's colleague, Corey Hall, Esq. Motivated by a strong conviction that everyone deserves a second chance, and after reaching settlement during a mandatory settlement conference before The Honorable Karen E. Scott (Ex. E.), office for Plaintiff's counsel offered Dr. Davis a job as Director of Litigation.

In Defendants reply, Defendant emphasizes that Dr. Davis represents himself as a "J.D." This is correct, Dr. Davis holds a Juris Doctor from University of La Verne College of Law, and was bestowed an honorary

Doctorate of Divinity.

Dr. Davis resigned from the California State Bar with pending disciplinary charges. Although not permitted to practice law, California's Rules of Professional Conduct are clear regarding employment of disbarred individuals, or those who resigned with pending disciplinary charges. Plaintiffs' Counsel's office is in compliance with California's Rules of Professional Conduct sections 1-311. Plaintiffs' counsel promptly notified the Bar of his employment in a manner sufficient to satisfy the section, and informed all existing clients in writing (signed by each client) of his relationship with the Bar, his permitted duties, his unpermitted duties, and the opportunity to seek new representation of their choosing. (Ex. F.).

Dr. Davis has made no appearances on behalf of Plaintiffs in this matter (or any matter whatsoever while employed by this office) Dr. Davis has engaged in questionable behavior in his past, yet, has paid for it dearly. He is also a disabled military veteran who served as a JAG officer in the United States Air Force AUX, a former police officer, a father and a husband.

## C. Plaintiffs' Failure To Appear And/Or Oppose Motions – Excusable Neglect

The current state of affairs relating to the global pandemic and Governor Gavin Newsome's stay-at-home order resulted in communication breakdown in Plaintiffs' Counsel's office which resulted in the non-appearances and failures to oppose Defendant's various motions. Since the beginning of the pandemic, the employees of Plaintiffs' counsels' office have been working from home, resulting in an unfortunate disconnect that caused the aforementioned deadlines to be overlooked, and appearances to be missed. Although it is understood that responsibility for such matters falls squarely on the shoulders of named counsel in any action, the current

**MEMORANDUM OF POINTS AND AUTHORITIES**

circumstances, as well as their impact on the functioning status quo of the legal industry are undeniable.

However, it cannot be overlooked by the Court that Counsel for Defendant Rivian is not without fault. At no time whatsoever did Counsel for Defendant request a meet-and-confer conference to discuss the substance of the present motion. From the commencement of litigation of this action, Counsel for Plaintiffs requested the only phone call/conference that took place between the parties, which occurred on June 12, 2020. During this phone call, and throughout the entirety of any and all email correspondence, Counsel for Defendant did not say, or type the words "Rule 11 Motion" (or any other words or phrases that would have the same effect) in any single correspondence between the parties. (Ex. A, B.).

## III.   LEGAL ARGUMENT

### A.   Motion Service Issue

Defendant Rivian did not act in good faith in regards to the Rule 11 motion. One day after the complaint was served, Defendant Rivian served its Rule 11 motion on Plaintiffs' Counsel's office by personal courier which established the practice in this case to be personal service, not PACER electronic service alone. As a result of this misleading start by Counsel for Defendant Counsel for Plaintiffs was never served with any other motions which caused, largely in part, office for Plaintiff's Counsel's excusable neglect.

### B.   Defendants Rule 11 Motion Should Be Denied – Failure To Meet And Confer Pursuant To Local Rule 7-3

Defendant Rivian failed to meet and confer regarding the substance of both its Rule 11 motion and its Motion to Dismiss. Local Rule 7-3 states: "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R.

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:

'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"

Defendant's motion states, on lines 10-11 of page 1, that its motion was brought in compliance with Local Rule 7-3. This statement is false.

Moreover, in July 23, 2020 email, as well as an attached letter, Counsel for Plaintiffs placed Counsel for Defendant on notice that filing a Rule 11 Motion without meeting and conferring is a violation of Local Rule 7-3. (Ex. A – 008, Ex. C.). In both instances, Counsel for Defendant did not so much as acknowledge Plaintiffs' concerns. (Ex. A at – 007-008.). After raising the issue multiple times, and given that Counsel for Defendant are extremely experienced in Federal Litigation, Plaintiffs were rather surprised to learn that Counsel for Defendant so brazenly chose to violate the rule and file the Rule 11 Motion without complying with the Local Rule.

On page one, lines 10 and 11 of Defendant's Rule 11 Motion, Defendant represented to the Court that it's motion was brought in "In compliance with . . . Local Rule 7-3." As noted above, the

**MEMORANDUM OF POINTS AND AUTHORITIES**

recommended language pursuant to Local Rule 7-3 requires that the moving party indicate the date on which the meet-and-confer took place. Defendant Rivian included this language in its motion to dismiss (June 12, 2020) but omitted this recommended language from its Rule 11 Motion where no such meeting took place.

This Court held in *Mays v. Wal-Mart Stores, Inc.*, 2019 WL 1395912 (C.D. Cal. Feb. 20, 2019) that Plaintiff's failure to comply with Local Rule 7-3 was an independent ground on which to deny Plaintiff's Motion to certify a subclass, and that, "The Court expects the parties to fully comply with the spirit and letter of Local Rule 7-3 going forward and make ever effort to avoid unnecessary litigation."[1]

Here, the Court should similarly deny Defendant Rivian's Rule 11 Motion for knowingly and intentionally refusing to comply with Local Rule 7-3, despite Plaintiffs' advisement that failure to meet and confer 7 days prior to filing the motion would violate the Local Rule.

## IV.   CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court deny Rivian's motion for Rule 11 sanctions, or in the alternative, that the Court reopen the motions pursuant to Fed. R. Civ. P. 60(b)(1) to allow

///

///

---

[1] Courts have summarily denied a party's motion for failure to comply with Local Rule 7-3. *See*, e.g., *Thomas v. Brett Sports & Entmart, Inc.*, No. CV 16-00480-AB (DTBx), 2016 WL 4472995, at *2 (C.D. Cal. Aug. 23, 2016) (denying motion to strike class allegations for failure to comply with Local Rule 7-3); *Alcatel-Lucent USA, Inc. v. Dugdale Commons, Inc.*, No. CV 09-2140 PSG (JCx), 2009 WL 3346784, at *3-4 (C.D. Cal. Oct. 13, 2009) (denying motion to dismiss for lack of service of process for failure to comply with Local Rule 7-3).

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs the opportunity to timely file an opposition and present oral arguments.

DATED: September 11, 2020                ORANGE COUNTY EMPLOYMENT LAW FIRM PC


                                         By: /s/ Timothy M. Cojocnean
                                             Timothy M. Cojocnean, Esq.
                                             Attorneys for Plaintiffs

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Orange County Employment Law Firm PC**
Timothy M. Cojocnean (SBN: 324708)
Tim@OCEmploymentLawFirm.com
19200 Von Karman Avenue Suite 345
Irvine, California 92612
Tel:  (949) 536-5622
Fax: (949) 669-3132

Attorneys for Plaintiff JOHN ROE, JANE ROE and JOHN ROE II a.k.a.
KENNAN MOODY, SARAH KARP and SIMEON HUNTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE, JANE ROE and JOHN ROE II a.k.a. KENNAN MOODY, SARAH KARP and SIMEON HUNTER, and Roes 1 to 10, Inclusive<br><br>Plaintiffs,<br>Putative Class Representatives<br><br>vs.<br><br>RIVIAN AUTOMOTIVE LLC. and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:20-CV-00998-MWF-ADS<br><br>Hon. Michael W. Fitzgerald<br><br>**SUPPLEMENTAL DECLARATION OF TIMOTHY M. COJOCNEAN IN SUPPORT OF PLAINTIFFS' LODGMENT OF DOCUMENTS IN OPPOSITION TO RULE 11 MOTION; MOTION NULL AND VOID FOR VIOLATION OF LOCAL RULE 7-3**<br><br>Hearing Date:  September 14, 2020<br>Time:  10:00 a.m.<br>Courtroom:  5A |

SUPPLEMENTAL DECLARATION OF TIMOTHY COJCOCNEAN

## <u>DECLARATION OF TIMOTHY M. COJOCNEAN</u>

I, Timothy M. Cojocnean hereby declare as follows:

1.      I am admitted and licensed to practice law before all Courts of the State of California. I am the owner of the law firm Orange County Employment Law Firm PC ("OCELF"), counsel of record for Plaintiffs John Roe, Jane Roe and John Roe II a.k.a. Kennan Moody, Sarah Karp and Simeon Hunter ("Plaintiffs"). This declaration is based on my personal knowledge unless otherwise stated. If called as a witness, I could and would testify truthfully and competently thereto under oath.

2.      I submit this declaration in support of Plaintiffs' Lodgment Of Documents In Opposition To Rule 11 Motion; Motion Null And Void For Violation Of Local Rule 7.3.

3.      Attached hereto as **Exhibits A and B** are true and correct copies of every email correspondence between my office and Defendant's counsel. **Exhibit A** is comprised of all emails between my office and Michael M. Mortenson. **Exhibit B** is comprised of all emails between my office and Craig A. Taggart.

4.      On June 12, 2020, I participated in the only phone call ever held between my office and counsel for Defendant's office. Attached hereto as **Exhibit A - 011 − 0015** are true and correct copies of the preliminary scheduling emails between my office and counsel for Defendant's.

5.      On July 21, 2020, I received a copy of Defendant's present motion by courier.

6.      On July 23, 2020, I notified Defendant's counsel in a letter and an email that failing or refusing to meet-and-confer at least 7 days prior to filing the present motion would violate Local Rule 7-3. Attached hereto as **Exhibit A − 008 and Exhibit C** are true and correct copies of the aforementioned email and letter. At no time did Defendant's counsel

**SUPPLEMENTAL DECLARATION OF TIMOTHY COJCOCNEAN**

address my concerns.

7.      On August 17, 2020, Defendant filed its Rule 11 motion with the Court.

8.      At no time whatsoever did counsel for Defendant attempt to meet and confer with my office regarding its August 17, 2020 Rule 11 motion in any capacity whatsoever.

*/s/ Timothy M. Cojocnean*

Timothy M. Cojocnean

**SUPPLEMENTAL DECLARATION OF TIMOTHY COJCOCNEAN**

# Exhibit A

## Timothy Cojocnean

| | |
|---|---|
| **From:** | Michael D. Mortenson <mmortenson@mortensontaggart.com> |
| **Sent:** | Monday, July 27, 2020 7:44 PM |
| **To:** | Timothy Cojocnean |
| **Cc:** | Craig A. Taggart; David M. Keithly; Diana Verduzco |
| **Subject:** | Re: John Roe II v. Rivian -- Ex Parte Notice |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Completed |

Thank you, Mr. Cojocnean.  We will take our ex parte application off calendar.

Turning to the federal class action complaint, can you please confirm the identities of the class representatives, John and Jane Roe? Otherwise, can you please explain the basis for proceeding anonymously?

Thank you.

MM


> On Jul 27, 2020, at 6:57 PM, Timothy Cojocnean <Tim@ocemploymentlawfirm.com> wrote:
>
> Mr. Mortenson,
>
> With our understanding that your office and/or client will not violate state law by retaliating against our plaintiff by interfering with his future employment prospects, John Roe II is Rivian's former Senior Development Engineer, Simeon Hunter.
>
> To address the issues you have raised, as well as to ensure that the parties do everything possible to maximize the efficiency of the Court before which this matter will be heard, we will be filing a First Amended Complaint shortly which will describe in detail the illegal activities that your client has/are engaged in which created/creates a risk to consumers and/or public interest, so you need not respond to the served Complaint or demur it.
>
> Regarding the discussion around non-disclosure, we and the plaintiff plan on filing the First Amended Complaint under seal and will not release any *alleged* confidential information to the public, Rivian's competitors or the media without leave of court.
>
> Please confirm that the *ex-parte*  will be taken off calendar, and feel free to call if you would like to discuss any further.
>
> Professionally,
>
> **Timothy Cojocnean, Esq.**
> Orange County Employment Law Firm PC
> Office: (949)-536-5622
> Email: Tim@ocemploymentlawfirm.com

19200 Von Karman Ave. Suite 345 | Irvine, CA
92612 | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Monday, July 27, 2020 5:06 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>; Craig A. Taggart <ctaggart@mortensontaggart.com>
**Cc:** David M. Keithly <dkeithly@mortensontaggart.com>; Diana Verduzco <Diana@ocemploymentlawfirm.com>
**Subject:** RE: John Roe II v. Rivian -- Ex Parte Notice

Mr. Cojocnean,

Thank you for the email and for your offer.  Respectfully, we cannot agree to your condition that Rivian must first enter into some amorphous agreement before you will reveal the identity of your client.  As we have stated, your client has no basis to proceed anonymously.  If you have a legal basis for proceeding in this manner, you have not provided it to us.  And, you can certainly argue any basis you do have to the Court tomorrow.  Nonetheless, our offer to take the *ex parte* off-calendar if you disclose the identity of your client before the hearing still stands.

MM



**Michael D. Mortenson**
*Partner*
MORTENSON TAGGART LLP

tel: (949) 774-2213 | fax: (949) 774-2545
mmortenson@mortensontaggart.com
https://mortensontaggart.com
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Monday, July 27, 2020 2:54 PM
**To:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Cc:** Michael D. Mortenson <mmortenson@mortensontaggart.com>; David M. Keithly <dkeithly@mortensontaggart.com>; Diana Verduzco <Diana@ocemploymentlawfirm.com>
**Subject:** RE: John Roe II v. Rivian -- Ex Parte Notice

Mr. Taggart and Mr. Mortenson,

The purpose of filing John Roe II anonymously was to ensure that prospective new employment for Mr. Roe II was not jeopardized.  I have spoken to my client and we are willing to disclose his identity in exchange for a signed writing ensuring that your client will not take any steps or engage in any actions

that would have such effects. Please let me know if your office is amenable. If so, I feel that tomorrow's ex-parte should be unnecessary.

I would like to address one more issue: my office has not disclosed John Roe II's identity to **anyone**. This includes Plaintiff's counsel for Tesla v. Rivian. Further, our office has not disclosed any information whatsoever that would violate any agreement between Mr. Roe II and your client. In fact, our office, nor our client, have disclosed any substantive information whatsoever regarding your client, or any knowledge that my client has that may prove relevant in the case of Tesla v. Rivian. Our correspondence with Plaintiff's counsel has been brief and cordial, and can be summarized by a simple statement notifying Plaintiff's counsel that John Roe II may have information that would be pertinent to Plaintiff's counsel case against your client, and that I would speak to my client before stating anything more. John Roe II's participation in Tesla v. Rivian will be by Mr. Roe II's choice, and not my own. I can simply advise him as to the repercussions that such participation may create, if any at all.

Your previous email states that our office has "admitted" to sharing your client's sensitive information protected under a non-disclosure agreement, when in fact, no such instance has ever occurred, and our office has not admitted to any wrongdoing whatsoever.

That being said, please take the time to consider the proposed offer. I will be in contact with John Roe and Jane Roe shortly and will speak to them about a similar arrangement, should they be so inclined. If they are, then a similar arrangement will be proposed in exchange for their identities.

If your client is amenable to the above, please reply stating so and notify the court that tomorrow's ex-parte is unnecessary as the parties have come to an agreement. I will then put something together where both parties may provide input and we can proceed from there.

Professionally,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com

<image010.png>
19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Sent:** Friday, July 24, 2020 11:51 AM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Michael D. Mortenson <mmortenson@mortensontaggart.com>; David M. Keithly <dkeithly@mortensontaggart.com>
**Subject:** RE: John Roe II v. Rivian -- Ex Parte Notice

Timothy,

Thank you for the quick response.  We appreciate you confirming that neither you nor your client will disclose "Confidential Information" and that you will comply with the Confidentiality Agreement.  We remind you of the obligations under Paragraph 7 of the Agreement that sets forth the notice provisions.

As to proceeding anonymously, we do not believe it is proper for you to proceed anonymously, and you have not identified any valid basis or law that permits you to do so.  Needless to say, disclosing your client's identity to parties in other lawsuits while concealing his identity from Rivian is improper.  Further, we need to determine the identity of your client in order to determine whether we will move to compel arbitration.  We have requested that you identify John Roe II to us, but you have declined.  We again request that you identify him.  If you provide us with his identity, there will be no need to seek this relief from the court.  However, if you refuse to do so, we will be forced to move ex parte to obtain his identity.

As for being out of the office, you have not provided any reason that you will be unable to attend a hearing on Monday.  Nonetheless, we will accommodate you provide you the professional courtesy of moving the hearing until Tuesday, July 28, 2020 instead of Monday.  Thus, please accept this as notice that we will be proceeding ex parte Tuesday, July 28, 2020 afternoon at the same time and in the same court as indicated in my email below.

Thanks, Craig

<image011.png>

**Craig A. Taggart**
*Partner*
MORTENSON TAGGART LLP

<image012.jpg> tel: (949) 774-2446| fax: (949) 774-2545
<image013.jpg> ctaggart@mortensontaggart.com
<image014.jpg> https://mortensontaggart.com
<image015.jpg> 300 Spectrum Cntr Dr., STE 1100 Irvine, CA 92618

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Friday, July 24, 2020 10:39 AM
**To:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Cc:** Michael D. Mortenson <mmortenson@mortensontaggart.com>; David M. Keithly <dkeithly@mortensontaggart.com>; sgates@charislex.com
**Subject:** Re: John Roe II v. Rivian -- Ex Parte Notice

Good morning,

1. Yes, we will be appearing to oppose;
2. In light of Tesla v. Rivian your motion is null, void and in bad faith;
3. In light of Tesla v. Rivian there is no emergency related to trade secrets;

4. You still have not acknowledged or responded to our comments regarding the case that we cited out of the US Court Southern District which shows that there is no trade-secret-agreement defense, thus showing your Rule 11 motion and your ex-parte are in bad faith;

5. Your lack of professional courtesy after informing you that we will not be in the office until Tuesday will also be brought to the attention of the court;

6. We have reason to believe that Plaintiff's attorney in Tesla v. Rivian will be deposing our client forthwith;

7. In light of the above, we will be requesting sanctions regarding both motions and will be filing a motion for disqualification based on your unethical practices thus far.

I explained in my previous email that my client nor my office has any intentions of disclosing any information whatsoever in violation of the confidentiality agreement they signed under duress, and with no opportunity to seek legal advice, upon termination.

Your motion and correspondence seems to completely ignore the fact that our office first approached yours requesting that the court grant an order of confidentiality and that the filings be under seal until otherwise released.

Be advised that from this point forward we will be forwarding all the emails, correspondence and pleadings to plaintiff's counsel in Tesla v. Rivian.

Because we are not in the office until Tuesday please call my cell if you'd like to discuss further.

Have a nice weekend,

Timothy Cojocnean, Esq.
Orange County Employment Law Firm
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com
19200 Von Karman Ave. Suite 345 | Irvine, CA
92612 | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

---

**From:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Sent:** Friday, July 24, 2020 9:58:12 AM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Michael D. Mortenson <mmortenson@mortensontaggart.com>; David M. Keithly <dkeithly@mortensontaggart.com>
**Subject:** John Roe II v. Rivian -- Ex Parte Notice

Counsel,

This email provides notice pursuant to Rule 3.1204 of the California Rules of Court that Rivian will appear *ex parte* at **1:30 p.m. on Monday, July 27, 2020** in Department C13 of the Orange County Superior Court located at 700 Civic Center Drive West, Santa Ana, CA 92701, to request an Order:  (1)

revealing the true identity of plaintiff John Roe II and (2) prohibiting plaintiff and his counsel from disclosing Rivian's confidential information publicly.  Good cause exists to identify the true name of the plaintiff because Rivian's has to respond to the Complaint and cannot determine whether to file a demurrer or move to compel arbitration without knowing the identify of the plaintiff.  Good cause exists to prohibit plaintiff and his counsel from disclosing Rivian's confidential information publicly because plaintiff has already admitted to violating his confidentiality agreement and there is risk that he will continue to do so.

Please let us know whether plaintiff will appear to oppose the application.  We are also happy to discuss this in more detail with you at any time.

<image016.png>  **Craig A. Taggart**
*Partner*
MORTENSON TAGGART LLP

<image012.jpg>tel: (949) 774-2446| fax: (949) 774-2545
<image013.jpg>ctaggart@mortensontaggart.com
<image014.jpg>https://mortensontaggart.com
<image015.jpg>300 Spectrum Cntr Dr., STE 1100 Irvine, CA 92618

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**Timothy  Cojocnean**

| | |
|---|---|
| **From:** | Michael D. Mortenson <mmortenson@mortensontaggart.com> |
| **Sent:** | Thursday, July 23, 2020 6:34 PM |
| **To:** | Timothy  Cojocnean |
| **Cc:** | Craig A. Taggart; David M. Keithly |
| **Subject:** | RE: John Roe II Confidentiality & Work Product Assignment Agreement |

Mr. Cojocnean,

We did not receive a response to my email below.  It is unfortunate that you will not confirm that your client will abide by his obligations under the Confidentiality & Work Product Assignment Agreement and not disclose Rivian's "Confidential Information" in a publicly filed document.  Consequently, my client has no choice but to apply to Judge Fitzgerald *ex parte* to obtain an order preventing you from disclosing Rivian's confidential and proprietary information in unsealed, public filings.  Separately, we will ask the Court to order you to disclose the identities of Roe II, and the other Roe plaintiffs, unless you confirm their identities to us before 10:00 am tomorrow, July 24 .  Please let me know if you will oppose our application.

MM



**Michael D. Mortenson**
*Partner*
MORTENSON TAGGART LLP

   tel: (949) 774-2213 | fax: (949) 774-2545

   mmortenson@mortensontaggart.com

   https://mortensontaggart.com

   300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618

---

**From:** Michael D. Mortenson
**Sent:** Thursday, July 23, 2020 3:41 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Subject:** RE: John Roe II Confidentiality & Work Product Assignment Agreement

Mr. Cojocnean:

We received your response to our letter sent earlier today requesting confirmation that John Roe II will abide by his obligations under Rivian's Confidentiality & Work Product Assignment Agreement ("Agreement").  Based on a review of your letter, it appears you misunderstood the intent and purpose of my letter.  To be absolutely clear, what I am requesting is confirmation from you that your client will abide by his obligations under the Agreement.   That means, he will not publicly disclose and will not have you or anyone else publicly disclose Confidential Information as defined in the Agreement and my letter.  To the extent you are planning to disclose Confidential Information in court filings, such disclosure must, at minimum, be filed under seal or you must give my clients advance notice so that we can obtain a protective order as required under the Agreement.

With that additional clarification, I would appreciate it if you would confirm for me that Roe II, his agents and attorneys (including you), will abide by his obligations to keep confidential, and to not disclose, any Confidential Information.  If we do not hear from you by 6:00pm tonight, or if you are unwilling to confirm that your client will comply with his obligations under the Agreement, we will have no choice but to apply to Judge Fitzgerald *ex parte* for an order

prohibiting your client from disclosing Rivian's Confidential Information, and we would appreciate your confirmation as to whether you will oppose such an application.

Thank you.  And, again, please feel free to contact me if you have any questions or if additional clarification is required.

MM



**Michael D. Mortenson**
*Partner*
MORTENSON TAGGART LLP

tel: (949) 774-2213 | fax: (949) 774-2545

mmortenson@mortensontaggart.com

https://mortensontaggart.com

300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618

---

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Thursday, July 23, 2020 2:01 PM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Subject:** RE: John Roe II Confidentiality & Work Product Assignment Agreement

Hi Michael,

Please see the attached correspondence regarding your client's contentions about John Roe II's Confidentiality & Work Product Assignment Agreement, as well as correspondence regarding your office's improper (null/void) filing of a motion under FRCP Rule 11 under local rule 7.3 for failure to meet and confer.

Please call me if you have any questions.

Professionally,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Thursday, July 23, 2020 1:03 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Subject:** John Roe II Confidentiality & Work Product Assignment Agreement

Mr. Cojocnean,

Please see the attached correspondence regarding your client's obligations under the Confidentiality & Work Product Assignment Agreement.  Please provide the requested confirmation no later than 6:00pm this evening.  Please call me if you have any questions.

MM

**Michael D. Mortenson**
*Partner*
MORTENSON TAGGART LLP

tel: (949) 774-2213 | fax: (949) 774-2545

mmortenson@mortensontaggart.com

https://mortensontaggart.com

300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618

**Timothy  Cojocnean**

| | |
|---|---|
| **From:** | Michael D. Mortenson <mmortenson@mortensontaggart.com> |
| **Sent:** | Tuesday, June 30, 2020 4:31 PM |
| **To:** | Timothy  Cojocnean |
| **Cc:** | Craig A. Taggart |
| **Subject:** | Roe v. Rivian |

Tim,

When we last spoke, you indicated that you were going to serve my clients with the complaint.  Our client has still not been served. Do you still intend to serve the complaint or are you dismissing it?  Let me know when you can.  Thank you.

MM

Michael D. Mortenson
*Partner*



M O R T E N S O N   T A G G A R T   L L P

300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

**Timothy  Cojocnean**

| | |
|---|---|
| **From:** | Michael D. Mortenson <mmortenson@mortensontaggart.com> |
| **Sent:** | Friday, June 12, 2020 10:59 AM |
| **To:** | Timothy  Cojocnean |
| **Cc:** | Craig A. Taggart; Teresa C. Alarcon |
| **Subject:** | RE: John Roe, et al. v. Rivian Automotive, LLC |

Ok.  Please call me at 949-774-2213

Michael D. Mortenson
*Partner*

 MORTENSON TAGGART LLP

300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Friday, June 12, 2020 10:35 AM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Hi Michael,

Please have a look at the attached stipulation that will be the basis of today's phone call.

Best,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Thursday, June 11, 2020 4:38 PM

**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Sounds good, thanks.

Michael D. Mortenson
*Partner*

 MORTENSON TAGGART LLP

300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

---

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Thursday, June 11, 2020 4:32 PM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

That works great. I will call your office then.

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com

 Orange County
Employment Law Firm

19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

---

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Thursday, June 11, 2020 4:31 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

How about 11a?

Michael D. Mortenson
*Partner*



MORTENSON TAGGART LLP
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Thursday, June 11, 2020 4:27 PM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Whoops, depo is Monday. I'm available any time tomorrow. Please let me know what time works, or just shoot me an email in the morning and we can set it up.

Best,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 | Irvine, CA
92612 | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Thursday, June 11, 2020 3:55 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Tim,

Sorry.  Today is bad for us.  What does tomorrow look like for you?

MM

Michael D. Mortenson
*Partner*



**MORTENSON TAGGART LLP**
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

---

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Thursday, June 11, 2020 9:19 AM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Hi Michael,

I'm available today or tomorrow any time after 3pm. Please let me know if that works for you.

Tim

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

---

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Saturday, June 6, 2020 7:57 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** Re: John Roe, et al. v. Rivian Automotive, LLC

Tim,

Let's talk on Monday. Let me know if you're available after noon.

MM

On Jun 5, 2020, at 1:08 PM, Timothy Cojocnean <Tim@ocemploymentlawfirm.com> wrote:

Michael,

Thank you for reaching out. I was hoping that we could schedule a phone call for sometime late next week to discuss this matter. Please me know if you are amenable and/or available.

Professionally,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com

<image001.png>
19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  |  www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

---

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Friday, June 5, 2020 1:02 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** John Roe, et al. v. Rivian Automotive, LLC

Counsel,

Our firm represents Rivian Automotive, LLC in connection with the matter filed in United States District Court for the Central District of California entitled, *John Roe, et al. v. Rivian Automotive, LLC*, Case No. 8:20-cv-00998-MWF-ADS.  Please immediately cease all communications with our client, and direct all communications to my firm.  Thank you.

Regards,

Michael D. Mortenson
*Partner*

# Exhibit B

**Timothy  Cojocnean**

| | |
|---|---|
| **From:** | Craig A. Taggart <ctaggart@mortensontaggart.com> |
| **Sent:** | Thursday, August 13, 2020 9:39 AM |
| **To:** | Steven Davis; Michael D. Mortenson |
| **Cc:** | Timothy  Cojocnean; Kevin Chapin; jsdllg@gmail.com |
| **Subject:** | RE: Request for Rule 7.3 Meet and Confer Roe v Rivian |

Thank you for the e-mail.  Mr. Mortenson and I are both out of town on vacations with our families through the end of the week.  We can meet and confer with both of you sometime early afternoon on Monday.  The meet and confer, however, will be via teleconference.  Should we set it for 2:00 p.m.?  If Monday does not work, please let us know what day works best next week, and we'll try to get something on calendar.  As I'm in the mountains, I have limited reception and access to email.  So, I apologize in advance for any delay that may occur in me responding to your emails.



**Craig A. Taggart**

*Partner*

MORTENSON TAGGART LLP

📞 tel: (949) 774-2446| fax: (949) 774-2545
✉ ctaggart@mortensontaggart.com
🔗 https://mortensontaggart.com
📍 300 Spectrum Cntr Dr., STE 1100 Irvine, CA 92618

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Steven Davis <Steve@ocemploymentlawfirm.com>
**Sent:** Wednesday, August 12, 2020 1:01 PM
**To:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>; Kevin Chapin <Kevin@ocemploymentlawfirm.com>; jsdllg@gmail.com
**Subject:** FW: Request for Rule 7.3 Meet and Confer Roe v Rivian

Please review

**J. Steven Davis, J.D., D.D.**

Director of Litigation
Orange County Employment Law Firm PC
Office: (949)-536-5622
Mobil: (951)-261-0799
Email: Steve@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | [www.ocemploymentlawfirm.com](www.ocemploymentlawfirm.com)

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Steven Davis
**Sent:** Tuesday, August 11, 2020 1:22 PM
**To:** [e.mmortenson@mortensontaggart.com](e.mmortenson@mortensontaggart.com)
**Cc:** Timothy Cojocnean <[Tim@ocemploymentlawfirm.com](Tim@ocemploymentlawfirm.com)>; [jsdllg@gmail.com](jsdllg@gmail.com); Kevin Chapin
<[Kevin@ocemploymentlawfirm.com](Kevin@ocemploymentlawfirm.com)>
**Subject:** Request for Rule 7.3 Meet and Confer Roe v Rivian

Mr. Cojocnean has asked me to contact you to set up an In Person Meet and Confer to discuss his intent to file a Motion to stop the September 18 broadcast of the Rivian Documentary on Apple TV Plus.  Per the complaint on file this would be false advertising to the Public in violation of State and Federal law.  He intends to send a letter directly to Apple TV Plus to advise them of the legal issues relating to that intended broadcast.

Something before this Friday would be appreciated and he will come to your office to make it easier for you.

**J. Steven Davis, J.D., D.D.**
Director of Litigation
Orange County Employment Law Firm PC
Office: (949)-536-5622
Mobil: (951)-261-0799
Email: [Steve@ocemploymentlawfirm.com](Steve@ocemploymentlawfirm.com)



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | [www.ocemploymentlawfirm.com](www.ocemploymentlawfirm.com)

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**Timothy  Cojocnean**

| | |
|---|---|
| **From:** | Craig A. Taggart <ctaggart@mortensontaggart.com> |
| **Sent:** | Friday, July 24, 2020 11:51 AM |
| **To:** | Timothy  Cojocnean |
| **Cc:** | Michael D. Mortenson; David M. Keithly |
| **Subject:** | RE: John Roe II v. Rivian -- Ex Parte Notice |

Timothy,

Thank you for the quick response.  We appreciate you confirming that neither you nor your client will disclose "Confidential Information" and that you will comply with the Confidentiality Agreement.  We remind you of the obligations under Paragraph 7 of the Agreement that sets forth the notice provisions.

As to proceeding anonymously, we do not believe it is proper for you to proceed anonymously, and you have not identified any valid basis or law that permits you to do so.  Needless to say, disclosing your client's identity to parties in other lawsuits while concealing his identity from Rivian is improper.  Further, we need to determine the identity of your client in order to determine whether we will move to compel arbitration.  We have requested that you identify John Roe II to us, but you have declined.  We again request that you identify him.  If you provide us with his identity, there will be no need to seek this relief from the court.  However, if you refuse to do so, we will be forced to move ex parte to obtain his identity.

As for being out of the office, you have not provided any reason that you will be unable to attend a hearing on Monday.  Nonetheless, we will accommodate you provide you the professional courtesy of moving the hearing until Tuesday, July 28, 2020 instead of Monday.  Thus, please accept this as notice that we will be proceeding ex parte Tuesday, July 28, 2020 afternoon at the same time and in the same court as indicated in my email below.

Thanks, Craig



**Craig A. Taggart**
*Partner*
MORTENSON TAGGART LLP

📞 tel: (949) 774-2446| fax: (949) 774-2545
✉️ ctaggart@mortensontaggart.com
🔗 https://mortensontaggart.com
📍 300 Spectrum Cntr Dr., STE 1100 Irvine, CA 92618

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Friday, July 24, 2020 10:39 AM
**To:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Cc:** Michael D. Mortenson <mmortenson@mortensontaggart.com>; David M. Keithly

<dkeithly@mortensontaggart.com>; sgates@charislex.com
**Subject:** Re: John Roe II v. Rivian -- Ex Parte Notice

Good morning,

1. Yes, we will be appearing to oppose;
2. In light of Tesla v. Rivian your motion is null, void and in bad faith;
3. In light of Tesla v. Rivian there is no emergency related to trade secrets;
4. You still have not acknowledged or responded to our comments regarding the case that we cited out of the US Court Southern District which shows that there is no trade-secret-agreement defense, thus showing your Rule 11 motion and your ex-parte are in bad faith;
5. Your lack of professional courtesy after informing you that we will not be in the office until Tuesday will also be brought to the attention of the court;
6. We have reason to believe that Plaintiff's attorney in Tesla v. Rivian will be deposing our client forthwith;
7. In light of the above, we will be requesting sanctions regarding both motions and will be filing a motion for disqualification based on your unethical practices thus far.

I explained in my previous email that my client nor my office has any intentions of disclosing any information whatsoever in violation of the confidentiality agreement they signed under duress, and with no opportunity to seek legal advice, upon termination.

Your motion and correspondence seems to completely ignore the fact that our office first approached yours requesting that the court grant an order of confidentiality and that the filings be under seal until otherwise released.

Be advised that from this point forward we will be forwarding all the emails, correspondence and pleadings to plaintiff's counsel in Tesla v. Rivian.

Because we are not in the office until Tuesday please call my cell if you'd like to discuss further.

Have a nice weekend,

Timothy Cojocnean, Esq.
Orange County Employment Law Firm
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com
19200 Von Karman Ave. Suite 345 | Irvine, CA
92612 | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Craig A. Taggart <ctaggart@mortensontaggart.com>
**Sent:** Friday, July 24, 2020 9:58:12 AM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Michael D. Mortenson <mmortenson@mortensontaggart.com>; David M. Keithly <dkeithly@mortensontaggart.com>
**Subject:** John Roe II v. Rivian -- Ex Parte Notice

Counsel,

This email provides notice pursuant to Rule 3.1204 of the California Rules of Court that Rivian will appear *ex parte* at **1:30 p.m. on Monday, July 27, 2020** in Department C13 of the Orange County Superior Court located at 700 Civic Center Drive West, Santa Ana, CA 92701, to request an Order:  (1) revealing the true identity of plaintiff John Roe II and (2) prohibiting plaintiff and his counsel from disclosing Rivian's confidential information publicly.  Good cause exists to identify the true name of the plaintiff because Rivian's has to respond to the Complaint and cannot determine whether to file a demurrer or move to compel arbitration without knowing the identify of the plaintiff.  Good cause exists to prohibit plaintiff and his counsel from disclosing Rivian's confidential information publicly because plaintiff has already admitted to violating his confidentiality agreement and there is risk that he will continue to do so.

Please let us know whether plaintiff will appear to oppose the application.  We are also happy to discuss this in more detail with you at any time.

 **Craig A. Taggart**
*Partner*
MORTENSON TAGGART LLP

 tel: (949) 774-2446| fax: (949) 774-2545
 ctaggart@mortensontaggart.com
https://mortensontaggart.com
 300 Spectrum Cntr Dr., STE 1100 Irvine, CA 92618

CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you.

**Timothy  Cojocnean**

| | |
|---|---|
| **From:** | Craig A. Taggart <ctaggart@mortensontaggart.com> |
| **Sent:** | Monday, June 15, 2020 2:21 PM |
| **To:** | Timothy  Cojocnean; Michael D. Mortenson |
| **Cc:** | Teresa C. Alarcon |
| **Subject:** | RE: John Roe, et al. v. Rivian Automotive, LLC |

Mr. Cojocnean,

At your request, we participated in a call with you on Friday to discuss the class action lawsuit you filed against Rivian on behalf of unnamed Roe plaintiffs.  Just before our scheduled call, you emailed us a proposed stipulation to certify the purported class to discuss class settlement.  We then had our teleconference, and you indicated that you were joined on the call by your "Director of Litigation" and "product-defects litigation expert."

After we briefly discussed service of process, you passed the baton to your expert, who then proceeded to ask us to stipulate to class certification for purposes of a settlement.  We explained that we will not be agreeing to class certification, and that we believe Plaintiffs do not plead any claim against Rivian.  At that point, we attempted to meet and confer with you in compliance with Local Rule 7-3 regarding our anticipated Rule 12 motions.  Among other arguments addressed during our call, we explained that your clients lack standing to bring the claims they are asserting, the claims are not ripe for adjudication, and no claim is stated under Federal Rule of Civil Procedure 8 or 9(b).  Your Complaint also fails to comply with Federal Rule of Civil Procedure 10 and Local Rules 23-1 through 23-2.2.  You refused/failed to engage with us in any discussion regarding our anticipated motion.  Instead, your Director of Litigation raised his voice, and he claimed that your case is worth "billions of dollars" like the "Ford and Toyota IPO cases" and then threatened to issue a press release on the lawsuit if our client did not discuss settlement.  The conversation ended shortly thereafter.

About an hour after our conversation ended we received your email below.  Although your email is a bit confusing, we will do our best to respond.

As to our motion to dismiss, we attempted to meet and confer with you on Friday and identify the defects in your complaint along with the grounds for the motion.  You did not participate in the conversation, but instead had your (non-lawyer) "litigation expert" respond.  Regardless, we disagree that you plead any claim for relief, and we firmly stand on the grounds for dismissal articulated during our conversation.  We are happy to have more detailed discussions with you regarding the grounds for dismissal.  However, we decline your invitation to give you what we "wish to see in the Complaint."  This is not our job, and more importantly, we do not believe that there are any facts that you can allege to state a claim against Rivian.  Thus, any amendment would be futile.

Your email then references your "motion-for-confidentiality order."  Unfortunately, your email does not provide any more detail as to the relief you are seeking than the scant comments on this topic you made during our call.  You had raised the same "motion" on our call, and we had requested that you send over to us your proposal, but we have received nothing.  From your email, it does not sound like you intend to do so, and that you will instead be filing your "motion-for-confidentiality order."  While we disagree that you have met and conferred in compliance with Local Rule 7-3, we will assess your motion as soon as we are served with it.

As to the rest of your email, we understand you to be requesting that Rivian stipulate to class certification and pay some non-trivial sum of money (as indicated in the stipulation and as suggested in the telephone call), or you will (1) release a press release to try and harm Rivian, (2) "destroy [Rivian's] IPO," (3) make representations to the Court and Rivian that we are overbilling Rivian and meeting and conferring on Rule 12(b) motions that we never intend to file, (4) accuse our

law firm and Rivian of engaging in some kind of unidentified "crime-fraud," and (5) file a whistleblower action against Rivian.  Please let us know if our understanding is incorrect.


**Craig A. Taggart**

*Partner*

 MORTENSON TAGGART LLP

T:  949.774.2446 F: 949.774.2545

300 Spectrum Center. Dr, STE 1100, Irvine, CA 92618

ctaggart@mortensontaggart.com


CONFIDENTIALITY NOTICE
This message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately. Thank you

---

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Friday, June 12, 2020 12:26 PM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Mr. Mortenson,

Instead of wasting the Court's time on a 12b Motion and under Rule 7.3 please give us what you wish to see in the Complaint and we will get the First Amended Complaint filed and we can include language from the Toyota, Ford and Volkswagen Lawsuits and Settlements.  If you've been tracking these cases, you will notice that Volkswagen is being sued again for the same issues raised in the original lawsuit (see the June 1, 2020 article in the New York Times).

**Federal Rule of Civil Procedure 9(b) creates a heightened pleading standard for fraud claims, and requires that lawyers plead circumstances of fraud with particularity. However, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." F.R.C.P Rule 9**

The whistle blower has given us all of the facts and names of the tortfeasors at Rivian to meet the  Rule 9 pleadings requirements.

Please understand that we will be sure to let your client know by way of the Press Releases that, in our opinion, you have turned down our settlement proposal solely to increase your billable hours, and we will suggest that Rivian get new Defense Counsel to save them lots of money.

If you have lied to Rivian about your anticipated 12b motion, that will be an interesting issue to cover during the Rule 26 filing and meeting under the crime-fraud exception to the attorney-client privilege.

As to standing, two of the Plaintiffs are defrauded Depositors and the third Plaintiff is the Whistle Blower, who has extremely detailed inside information that mirrors closely the VW Diesel Fraud Whistleblower case. In fact, since the filing of this case, our office was contacted by the individual who's firm funded the VW Diesel Fraud case, and he is waiting with baited breath as to our decision of whether or not to accept his offer for funding.

We suggest you discuss with your client that this case has the potential to destroy their IPO, and maybe then you might consider our offer.

Also, our product-defects litigation expert is why the McDonald Douglas Sioux City Iowa crash case settled due to his knowledge and insight as to the defective hydraulic system (his declaration resulted in the case being settled), as well as the Parker Hannifin, Cessna-210 cases (de-icing boots), and was successful in causing a mandatory airworthiness directive to be issued due to the Piper Super Cub failure of the forward fuel header tanks. He was also a primary witness in a case which settled for $10 million concerning Cessna-411 Fuel Bladder Liner Defects. In other words, he is very familiar with product-defects litigation. He was hoping to speak with you about your experience in the Benghazi and CIA issues, given his personal involvement in both.

We will be serving the complaint and a motion-for-confidentiality order simultaneously. Please consider today's phone call, along with this email, our office's meet-and-confer under Rule 7.3 prior to filing a motion-for-confidentiality order.

Lastly, we would like to advise you that we will be filing a related individual whistleblower case which would have been discussed had you been interested in our settlement proposal.

Feel free to call me at any time if you'd like to discuss further.

Professionally,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612 |  www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Friday, June 12, 2020 10:59 AM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Ok.  Please call me at 949-774-2213

Michael D. Mortenson

*Partner*



**MORTENSON TAGGART LLP**
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

---

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Friday, June 12, 2020 10:35 AM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Hi Michael,

Please have a look at the attached stipulation that will be the basis of today's phone call.

Best,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

---

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Thursday, June 11, 2020 4:38 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Sounds good, thanks.

Michael D. Mortenson
*Partner*



**MORTENSON TAGGART LLP**
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Thursday, June 11, 2020 4:32 PM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

That works great. I will call your office then.

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  |  www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Thursday, June 11, 2020 4:31 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

How about 11a?

Michael D. Mortenson
*Partner*

 MORTENSON TAGGART LLP
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

**From:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Sent:** Thursday, June 11, 2020 4:27 PM
**To:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Whoops, depo is Monday. I'm available any time tomorrow. Please let me know what time works, or just shoot me an email in the morning and we can set it up.

Best,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: [Tim@ocemploymentlawfirm.com](mailto:Tim@ocemploymentlawfirm.com)



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | [www.ocemploymentlawfirm.com](http://www.ocemploymentlawfirm.com)

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <[mmortenson@mortensontaggart.com](mailto:mmortenson@mortensontaggart.com)>
**Sent:** Thursday, June 11, 2020 3:55 PM
**To:** Timothy Cojocnean <[Tim@ocemploymentlawfirm.com](mailto:Tim@ocemploymentlawfirm.com)>
**Cc:** Craig A. Taggart <[ctaggart@mortensontaggart.com](mailto:ctaggart@mortensontaggart.com)>; Teresa C. Alarcon <[talarcon@mortensontaggart.com](mailto:talarcon@mortensontaggart.com)>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Tim,

Sorry.  Today is bad for us.  What does tomorrow look like for you?

MM

Michael D. Mortenson
*Partner*

 MORTENSON TAGGART LLP
300 Spectrum Center Drive, Suite 1100, Irvine, CA 92618
t. 949.774.2213  f. 949.774.2545
mmortenson@mortensontaggart.com

**From:** Timothy Cojocnean <[Tim@ocemploymentlawfirm.com](mailto:Tim@ocemploymentlawfirm.com)>
**Sent:** Thursday, June 11, 2020 9:19 AM
**To:** Michael D. Mortenson <[mmortenson@mortensontaggart.com](mailto:mmortenson@mortensontaggart.com)>
**Cc:** Craig A. Taggart <[ctaggart@mortensontaggart.com](mailto:ctaggart@mortensontaggart.com)>; Teresa C. Alarcon <[talarcon@mortensontaggart.com](mailto:talarcon@mortensontaggart.com)>
**Subject:** RE: John Roe, et al. v. Rivian Automotive, LLC

Hi Michael,

I'm available today or tomorrow any time after 3pm. Please let me know if that works for you.

Tim

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com



19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Saturday, June 6, 2020 7:57 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** Re: John Roe, et al. v. Rivian Automotive, LLC

Tim,

Let's talk on Monday. Let me know if you're available after noon.

MM

On Jun 5, 2020, at 1:08 PM, Timothy Cojocnean <Tim@ocemploymentlawfirm.com> wrote:

Michael,

Thank you for reaching out. I was hoping that we could schedule a phone call for sometime late next week to discuss this matter. Please me know if you are amenable and/or available.

Professionally,

**Timothy Cojocnean, Esq.**
Orange County Employment Law Firm PC
Office: (949)-536-5622
Email: Tim@ocemploymentlawfirm.com

<image001.png>
19200 Von Karman Ave. Suite 345 |  Irvine, CA
92612  | www.ocemploymentlawfirm.com

Notice: This electronic mail message, and any documents, files, or previous e-mail transmissions attached to or forwarded with it, may contain information that is legally privileged, confidential, and exempt from disclosure under applicable law, including the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521. It is intended only for the use of the recipient named

above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on the contents of this communication, is strictly prohibited. If you have received this message in error, please notify the sender by return e-mail and delete the entire message.

**From:** Michael D. Mortenson <mmortenson@mortensontaggart.com>
**Sent:** Friday, June 5, 2020 1:02 PM
**To:** Timothy Cojocnean <Tim@ocemploymentlawfirm.com>
**Cc:** Craig A. Taggart <ctaggart@mortensontaggart.com>; Teresa C. Alarcon <talarcon@mortensontaggart.com>
**Subject:** John Roe, et al. v. Rivian Automotive, LLC

Counsel,

Our firm represents Rivian Automotive, LLC in connection with the matter filed in United States District Court for the Central District of California entitled, *John Roe, et al. v. Rivian Automotive, LLC*, Case No. 8:20-cv-00998-MWF-ADS.  Please immediately cease all communications with our client, and direct all communications to my firm.  Thank you.

Regards,

Michael D. Mortenson
*Partner*

# Exhibit C



Orange County
**Employment Law Firm**

*Writer's direct telephone*
*(949) 536-5622*
*Writer's direct E-mail*
*Tim@ocemploymentlawfirm.com*

July 23, 2020

**VIA CERTIFIED U.S. MAIL ANE ELECTRONIC MAIL**
7019 0700 0001 2210 6338

Michael D. Mortenson, Esq.
Mortenson Taggart LLP
300 Spectrum Center Dr
Suite 1100
Irvine California 92618
E.mmortenson@mortensontaggart.com

RE:  Roe v Rivian Automotive LLC, 8:20-CV-00998-MWF-ADS, Rule 7.3 Violation

Mr. Mortenson;

As we advised you in the 6-12-2020 Email your must comply with USDC CDCA Local Rule 7.3, Meet and Confer, at least seven days before filing an Motion (non-discovery).

For your reference here is that language:

L.R. 7-3 Conference of Counsel Prior to Filing of Motions. In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, **preferably in person**, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion. If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: "This motion is made following the conference of counsel pursuant to L.R.

**July 23, 2020**
**Page | 2**

7-3 which took place on (date)."

     Certainly, we would have desired an in person meet and confer before the Motion for Sanctions was filed.

     Because this is a Mandatory Condition Precedent to such a Motion your filing is null and void.

     You should also review the USDC Central District of California Civility and Professionalism Guidelines, Number 8 which states **"Before filing a motion with the court, we will engage in more than a mere pro forma discussion of its purpose in an effort to resolve the issue with opposing counsel."**

     You can take the Motion off calendar, comply with Local Rule 7.3 and then re-file it, however beware that a Rule 11 Motion cannot be used to strike a Complaint.  While we disagree that such a Motion would be successful, it would be a FRCP Rule 12b Motion.

     There are several fatal faults in your Motion but we would discuss then.

     Professionally;

ORANGE COUNTY EMPLOYMENT LAW FIRM PC

Timothy M. Cojocnean, Esq.



Orange County
**Employment Law Firm**

*Writer's direct telephone*
*(949) 536-5622*
*Writer's direct E-mail*
*Tim@ocemploymentlawfirm.com*

July 23, 2020

Michael D. Mortenson, Esq.
Mortenson Taggart LLP
300 Spectrum Center Dr
Suite 1100
Irvine California 92618
E.mmortenson@mortensontaggart.com

RE:   Roes et al. v Rivian Automotive LLC, 8:20-CV-00998-MWF-ADS, Roe II v Rivian
      Automotive LLC, 30-2020-01148589-CU-WT-CJC, NO CONFIDENTIALITY
      AGREEMENT DEFENSE

Mr. Mortenson;

      It would be helpful if you would fully research an issue before you write a
violation of civility letter to us.

      The issue of as Employee Confidentiality Agreement as a defense to a
Whistleblower case was considered and rejected on April 2, 2020 by the United States
District Court, Sothern District, Erhart v. Bofi, Case Nos.  Case No. 15-cv-02287-BAS-
NLS consolidated with 15-cv-02353-BAS-NLS.

      The court rejected the defense in a Motion for Summary Judgement filed by the
Defendant.

      The stipulation for a Plaintiff litigation confidentiality Agreement remains open
for the moment.

      Professionally;

X_____
      Timothy M. Cojocnean, Esq.

Orange County Employment Law Firm PC
19200 Von Karman Ave. Suite 345 | Irvine, CA 92612 | www.ocemploymentlawfirm.com
(949) 536-5622

# Exhibit D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-02892-RGK | | Date | January 10, 2019 |
|---|---|---|---|---|
| Title | **JAMES S. DAVIS v. M. TRAVIS BRAGG** | | | |

Present: The Honorable    R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams (Not Present) | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(IN CHAMBERS) Order Vacating DE 201 and Order on Motion for Leave to Appeal in Forma Pauperis (DE 202)**

On December 6, 2018, the Court received a Notice and Order re Filing by Vexatious Litigant. The Notice, filed by James S. Davis ("Plaintiff"), pertained to the proposed filing of a Complaint captioned, *James Steven Davis v. First Southern Baptist Church Inc. of Buena Park, et al.* On the same day, the Court ordered the complaint to not be filed pursuant to prefiling order entered in Case No. 09-CV-2892-RGK. However, upon further review of the Notice and documents attached, the Court finds that the order rejecting the filing of that complaint was made in error, as the proposed filing falls outside the scope of the prefiling order, and is unrelated to Case Nos. 04-CR-00770-RGK, and 04-CR-00771-RGK.

Therefore, the Court hereby **vacates** the Order rejecting the filing of *James Steven Davis v. First Southern Baptist Church Inc. of Buena Park, et al.* In light of this order, Plaintiff is free to refile the previously rejected complaint if he so chooses, and the Motion for Leave to Appeal in Forma Pauperis is **denied as moot**.

**IT IS SO ORDERED.**

                           _____ : _____

# Exhibit E

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION - SANTA ANA

| | | |
|---|---|---|
| JAMES STEVEN DAVIS, | ) | CASE NO: 8:19-CV-00093-JVS-KES |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Santa Ana, California |
| | ) | |
| FIRST SOUTHERN BAPTIST CHURCH | ) | Thursday, March 5, 2020 |
| OF BUENA PARK, INC, ET AL, | ) | |
| | ) | (9:27 a.m. to 9:35 a.m.) |
| Defendants. | ) | (4:57 p.m. to 5:10 p.m.) |

SETTLEMENT CONFERENCE

BEFORE THE HONORABLE KAREN E. SCOTT,
UNITED STATES MAGISTRATE JUDGE

<u>APPEARANCES</u>:               SEE PAGE 2


Court Reporter:          Recorded; CourtSmart

Courtroom Deputy:        Jazmin Dorado

Transcribed by:          Exceptional Reporting Services, Inc.
                         P.O. Box 8365
                         Corpus Christi, TX 78468
                         361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

<u>APPEARANCES FOR</u>:


Plaintiff:                  COREY A. HALL, ESQ.
                            TIMOTHY COJOCNEAN, ESQ.
                            Hall Law Group
                            523 N. Fairview St.
                            Santa Ana, CA 92703

Also present:               JAMES DAVIS, PLAINTIFF


Defendants:                 PAUL R. PEARLSON, ESQ.
                            880 Apollo St., Suite 230
                            El Segundo, CA 90245

                            PATRICK C. STACKER, ESQ.
                            3030 Old Ranch Pkwy., Suite 170
                            Seal Beach, CA 90740

1        __Santa Ana, California; Thursday, March 5, 2020; 9:27 a.m.__

2                            **(Call to Order)**

3            **THE CLERK:**  Please remain seated and come to order.

4            This United States District Court is now in session.

5    The Honorable Karen E. Scott, Magistrate Judge, presiding.

6            **THE COURT:**  Good morning.

7            **MULTIPLE SPEAKERS:**  Good morning, your Honor.

8            **THE CLERK:**  Calling Case Number SA-cv-19-93-JVS-KES;

9    James Steven Davis versus First Southern Baptist Church of

10   Buena Park, et al.

11           Counsel, please state your appearances for the

12   record.

13           **MR. HALL:**  Good morning, your Honor.  This is Corey

14   Hall on behalf of Plaintiff.

15           I'm here today with Mr. Cojocnean.  He's co-Counsel

16   on behalf of Plaintiff.  And this is my legal assistant, slash,

17   paralegal, Karen Ramirez.

18           **THE COURT:**  Good morning, all.

19           **MR. HALL:**  And this is Mr. Davis.

20           **THE COURT:**  Mr. Davis, good morning.

21           **PLAINTIFF DAVIS:**  Good morning, your Honor.

22           **MR. STACKER:**  Good morning, your Honor.  Patrick C.

23   Stacker on behalf of Defendants, along with co-Counsel, Paul

24   Pearlson.

25           **MR. PEARLSON:**  Good morning, your Honor.

4

1          **THE COURT:**  And then I see we have some other

2    representatives here from Defendants?

3          **MR. STACKER:**  Yes, your Honor.  We have the three

4    pastors of the church and the chairman of the board.

5          **THE COURT:**  All right.  Thank you all for being here.

6          As you know, we're here to engage in a settlement

7    conference.  So very shortly, we'll be going off the record.

8          And we'll be trying to have some negotiations to

9    figure out if there's a reasonable compromise that the parties

10   can reach that would allow them to resolve this dispute.

11         As we start, I just want to go over a little bit of

12   the procedures that we're going to be following and the mindset

13   that I hope folks can have as we pursue this exercise.

14         In coming to a settlement conference, I know that,

15   often, the parties are here because they've been ordered to be

16   here.  And so there is always that tension of initial

17   resistance.

18         But I hope that -- in order for today to be

19   productive, that there is an opportunity to talk very candidly

20   with your lawyers and with me about, you know, what are the

21   objectives of this litigation.

22         Oftentimes, that's a question more for Plaintiff,

23   because Plaintiff has filed the litigation; that the

24   Defendant's objective is general to defend the lawsuit and

25   avoid liability.

5

1        But sometimes the objectives on the Plaintiff's side

2   are a little bit more complicated.  So we can talk about that.

3        And on both sides, we can talk about the pros and

4   cons of what might -- you know, continuing in the litigation

5   versus reaching a settlement; what are some of the likely

6   outcomes to certain decisions within the litigation.

7        And, you know, one of the purposes of coming into

8   Court and having a meeting with a Judge is that, for what it's

9   worth, you get the benefit of my opinions.

10        I think that, while you're certainly free to disagree

11   with those opinions, that at least you do have someone who is

12   objective, who's not, you know, a party with a financial

13   interest in the dispute.

14        And so I hope to be able to provide you one more data

15   point as you make decisions here.

16        A settlement conference is a unique Court procedure.

17   Because, you know, typically, if you are in Court, there'd be a

18   Judge here, there'd be a jury there, and you'd be presenting

19   arguments.

20        And then you would be hoping that the decision makers

21   had heard and understood you and were going to make a decision

22   in your favor.

23        But, really, the ultimate decision making would not -

24   - would not be up to you.  It would be up to the Judge or the

25   jury or whoever was the fact finder in that situation.

6

1          Here at a settlement conference, you are the decision

2    makers.  So you don't have to make any offers or accept any

3    offers or demands that you ultimately decide are not in your

4    interest.

5          So this whole process is about assisting you in

6    making good decisions.  We know no one can make good decisions

7    in a vacuum.  You need information.

8          And so this is a chance to exchange information with

9    the other side, to bounce ideas off me.  And, hopefully,

10   through that process, make both sides better informed as to

11   what is a decision that will lead then toward accomplishing the

12   objective that they have.

13         So with that mindset, the procedure that we typically

14   use is, like I said, we'll go off the record.  And then we'll

15   dismiss the parties to occupy the conference rooms that are on

16   either side of the entrance to the courtroom here.

17         If the conference room is a little -- I think we can

18   get five in there.  If it feels a little small and you'd rather

19   stay in the courtroom here, we can do that as well.  There's no

20   magic to the particular location.

21         I will talk with both sides.  I'll probably come in

22   and talk with Plaintiffs first.  That's what I typically do.

23   And we'll see what everyone's positions are.

24         If we are able to get to the point where the parties

25   have reached an agreement on terms that they would be willing

7

1    to settle the case for, then we'll come back into this room and

2    we'll go back on the record.

3           And I'll ask one attorney or the other to recite the

4    material terms that we've agreed to, on the record.  And I'll

5    get everyone who represents the various parties to assent on

6    the record that those are the terms of the settlement.

7           And at that point, we'll have a binding settlement

8    agreement.

9           Undoubtedly, the parties and their lawyers will want

10   to take a little bit of time afterward to memorialize it in a

11   written agreement.  The written agreement can often provide

12   details about, you know, who to mail the check to and that kind

13   of thing.

14          And while those are important, they're not

15   necessarily the material terms.  And so if some change of heart

16   or breakdown in communication should happen after the

17   conference here today, it would not affect the fact that we had

18   put a binding settlement on the record, according to the terms

19   that were recited.

20          So that's our goal that we are shooting for.

21          In order for this procedure to work, the parties can

22   be assured that what they share with me is confidential in the

23   sense that it's not going to be shared with Judge Selna, who

24   would be the Judge who would ultimately be trying this case if

25   the case goes to trial.

1        If there is information that you've shared with me in

2   your briefs -- I know a lot of that information has already

3   been exchanged.  So it may be something that I talk about with

4   the other side.

5        If there is something that you know factually that

6   you don't want me to share with the other side, I'll need you

7   to please tell me that to make sure that we can respect that.

8        And by the same token, the confidentiality

9   requirements extend to the parties as well.  And so, while you

10  can certainly discuss it amongst yourself and with your lawyers

11  and the other decision makers who are, you know, maybe part of

12  your church, this isn't something where you can leave the

13  proceedings and tweet out, you know, "I can't believe they only

14  offered this much," and, "What a bunch of jerks," right?

15       And I see people laughing, all right?  But that has

16  happened.  And so I want to make sure that people understand

17  that that's not appropriate and is not helpful to trying to

18  reach some kind of a resolution here today.

19       So with that, I will invite our clerk to take us off

20  of our audio recorded record.

21      **(Court in recess; to reconvene at 4:57 p.m.)**

22      **THE COURT:**  Everyone ready?

23      **MR. SPEAKER:**  Yeah.

24      **THE COURT:**  Okay.

25      **THE CLERK:**  We are now back on the record on Case

9

1   Number SA-cv-19-93-JVS-KES; James Steven Davis versus First

2   Southern Baptist Church of Buena Park, Incorporated, et al.

3          Counsel, please restate your appearances for the

4   record.

5          **MR. COJOCNEAN:**  Timothy Cojocnean, your Honor, for

6   the Plaintiff, with Corey Hall and Steven A. Davis, the

7   Plaintiff.

8          **MR. PEARLSON:**  Paul Pearlson and Patrick Stacker for

9   the Defendants.

10         **THE COURT:**  Thank you, Counsel.  We are back on the

11  record because we have reached a settlement agreement to

12  resolve this entire action.

13         And I have invited Mr. Pearlson to go ahead and

14  recite the material terms on the record.

15         **MR. PEARLSON:**  Thank you, your Honor.  I'll do it in

16  order by paragraph numbers of the agreement.

17         One, "Release:  A, Plaintiff on behalf of himself and

18  his wife, Brenda Kruszewski, spelled K-r-u-s-z-e-w-s-k-i,

19  releases -- generally releases all claims of any kind, known or

20  unknown, that exist as of the date of this settlement, being

21  March 5, 2020, against, one, First Southern Baptist Church of

22  Buena Park, Inc.; two, Wiley Drake; three, the Wiley Drake

23  Show; four, the Wiley Drake Presidential Campaign and the

24  affiliates; and, five, for each of those released entities, all

25  of their officers, directors, ministers, employees, and

10

1   lawyers, period.

2           "Plaintiff waives California Civil Code, Section

3   1542, period.

4           "B, Plaintiff represents in covenants that he has not

5   assigned or otherwise conveyed away any of the released claims

6   or, if he has, that any assignments, slash, conveyance has been

7   revoked and is not effective as to the date of the release,

8   again, being today, March 5, 2020.

9           "C, Defendants generally release Plaintiff from all

10  claims of any kind, known or unknown, that exist as of the date

11  of the settlement, March 5, 2020, period.

12          "Defendants also waive California Civil Code, Section

13  1542, and represent that they have not assigned or otherwise

14  conveyed away any of the released claims, period."

15          Item Two, "Clear Title: A, by March 12, 2020,

16  Plaintiff will deliver to Counsel, for Defendants, one, a

17  recorded document showing that any liens he has against the

18  church property had been removed; and, two, a written

19  affirmation that he and his wife have no interest or claims

20  against" -- strike that -- "that he and his wife have no

21  interest in or claims against the church property or the church

22  parsonage, period.

23          "He agrees to cooperate and sign any further

24  documents or assurances required to establish that he and his

25  wife have no interest in or claims against the church property,

1    period."

2        Item Three, "First payment, A, assuming Two happens

3    timely -- meaning the clear title just referred to -- then by

4    March 19, 2020, Defendants will pay Plaintiff $50,000, period.

5        "If Two -- meaning the clear title -- does not happen

6    timely, then this payment will be due one week after two,

7    meaning the clear title happens, period."

8        Item Four, "Dismissal and Cooperation:  A, after the

9    first payment, all parties will dismiss their claims against

10   each other with prejudice, period.

11       "The Court will retain jurisdiction for one year to

12   enforce the settlement, period.

13       "B, after the first payment, Defendants will write a

14   letter to the Orange County District Attorney stating that the

15   civil lawsuit has been settled, the parties have resolved their

16   differences, and they would not object if either, slash, both

17   criminal cases against Plaintiff were dismissed in the interest

18   of justice, period.

19       "Plaintiff shall be sent a draft of this letter prior

20   to Defendants sending it to the Orange County District

21   Attorney.

22       "And Plaintiff may provide to Defendants suggestions

23   to modify or alter the letter which suggestions can be accepted

24   or rejected by Defendants in their sole and complete

25   discretion, period."

12

1          **(Counsel confer with each other)**

2              **MR. SPEAKER:**  We're just going to confer with Mr.

3      Davis for one moment.  We'll be right back.

4              **THE COURT:**  Okay.

5              **MR. SPEAKER:**  Thank you.

6          **(Counsel confers with client)**

7              **THE COURT:**  All right.  So we're in a position to

8      have Mr. Pearlson continue.  And if --

9              **MR. SPEAKER:**  We are, your Honor.

10             **THE COURT:**  Okay, if Mr. Pearlson does say something

11     that you have questions about or want clarification of, you'll

12     have an opportunity to do that.

13             **MR. SPEAKER:**  Thank you.

14             **MR. SPEAKER:**  Thank you, your Honor.

15             **MR. PEARLSON:**  Okay, Item Five, "Second Payment:  By

16     May 18, 2020 or 60 days after the first payment is made,

17     whichever is later, Defendant shall pay Plaintiff $200,000,

18     period."

19             Item Six, "Representations and Warrantees of the

20     Parties:  A, each party represents and warrants that such party

21     has not transferred, sold, or assigned any rights or claims

22     released herein by such party, period.

23             "B, this agreement contains all of the settlement

24     terms and supersedes any and all other previous agreements or

25     claimed previous agreements between the parties, period.

13

1           "C, this agreement cannot be modified, except by a

2    further agreement signed by all of the parties in writing,

3    period."

4           Seven, "Plaintiff and Defendants shall each bear

5    their own attorney's fees and costs in the litigation, period."

6           Eight, "All parties acknowledge that this is a

7    settlement of disputed claims and not an admission of any

8    liability, period."

9           That's it.

10          **THE COURT:**  Okay, so, Mr. Hall or -- and/or -- I'm

11   going to pronounce it poorly -- Cojocnean?

12          **MR. COJOCNEAN:**  Phonetically; Cojocnean.

13          **THE COURT:**  Cojocnean, okay.  You've heard what Mr.

14   Pearlson has recited as the material terms.

15          Do you agree that those are the terms that the

16   parties negotiated here today and that represent the material

17   terms on which your client is prepared to settle this case?

18          **MR. COJOCNEAN:**  Yes, your Honor.

19          **THE COURT:**  And --

20          **MR. HALL:**  Yes, your Honor.

21          **THE COURT:**  Okay, so that was Mr. Cojocnean and then

22   Mr. Hall.

23          **THE COURT:**  And then, Mr. Davis, you've also had a

24   chance to hear the terms.

25          Do you agree to be bound by those terms and settle

1    this case on those terms?

2    **PLAINTIFF DAVIS:** Yes, I do, your Honor.

3    **THE COURT:** And then let me ask the folks on the

4    defense side. If you could each just loudly say your name and

5    say, "Yes," if you agree to be bound by the terms that Mr.

6    Pearlson has recited.

7    **MR. STACKER:** Patrick Stacker, Counsel for

8    Defendants; yes.

9    **THE COURT:** And from the parties too.

10    **DEFENDANT RUFFIN:** William Ruffin; yes.

11    **DEFENDANT DRAKE:** Wiley S. Drake; yes.

12    **UNIDENTIFIED DEFENDANT:** (Indisc.); yes.

13    **THE COURT:** All right. Well, I congratulate the

14    parties. We have a settlement based on the terms on the

15    record.

16    And you're looking at me expectantly. Some -- any

17    other comments?

18    **MR. SPEAKER:** I am. I just -- while we're still on

19    the record, I just wanted to thank you for all your -- you did

20    an incredible job. I can't tell you how grateful I am for all

21    your hard work.

22    Even on our phone call, it was so clear. You'd look

23    through everything. I think you're a phenomenal Judge. I

24    think you're phenomenal mediator. And I sincerely thank you

25    for all your hard work.

15

1          **MR. SPEAKER:**  And I agree with that.

2          **THE COURT:**  Well, I'm glad to be of assistance here.

3     And, ultimately, the best reward of a settlement is that the

4     parties get closure and are able to move forward and focus

5     their energies on bigger and better things.

6          And so I hope that I never see any of the parties in

7     Court here again.

8          **MR. SPEAKER:**  Thank you so much, your Honor.

9          **MR. SPEAKER:**  Thank you, your Honor.

10         **THE COURT:**  Thank you.

11         **THE CLERK:**  Your Honor, are the reciting of the terms

12    confidential?

13         **THE COURT:**  It is not.

14         **THE CLERK:**  It is not, okay.

15         All right, this Court is now adjourned.

16         **(Proceedings Adjourned)**

17

18

19

20

21

22

23

24

25

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    **March 10, 2020**

        Signed                                  Dated


                *TONI HUDSON, TRANSCRIBER*

# Exhibit F



*Writer's direct telephone*
*(949) 536-5622*
*Writer's direct E-mail*
*Tim@ocemploymentlawfirm.com*

**VIA U.S. MAIL**

State Bar of California
845 South Figueroa Street
Los Angeles, CA 90017

Re:  **Notice of James Steven Davis, SBN 112906 (resigned status), Rule 1-311.**

Dear Gentlepersons;

   This letter is to inform you that our firm will employee Mr. Davis.  He has made a full disclosure to us of his State Bar Status and we understand our duties and responsibilities as stated below:

RPC, Rule 1-311 excerpt:

(C) A member may employ, associate professionally with, or aid a disbarred, suspended, resigned, or involuntarily inactive member to perform research, drafting or clerical activities, including but not limited to:

(1) Legal work of a preparatory nature, such as legal research, the assemblage of data and other necessary information, drafting of pleadings, briefs, and other similar documents;

(2) Direct communication with the client or third parties regarding matters such as scheduling, billing, updates, confirmation of receipt or sending of correspondence and messages; or

(3) Accompanying an active member in attending a deposition or other discovery matter for the limited purpose of providing clerical assistance to the active member who will appear as the representative of the client.

**March 26, 2020**
**Page | 2**

(D) Prior to or at the time of employing a person the member knows or reasonably should know is a disbarred, suspended, resigned, or involuntarily inactive member, the member shall serve upon the State Bar written notice of the employment, including a full description of such person's current bar status. The written notice shall also list the activities prohibited in paragraph (B) and state that the disbarred, suspended, resigned, or involuntarily inactive member will not perform such activities. The member shall serve similar written notice upon each client on whose specific matter such person will work, prior to or at the time of employing such person to work on the client's specific matter. The member shall obtain proof of service of the client's written notice and shall retain such proof and a true and correct copy of the client's written notice for two years following termination of the member's employment with the client.

(E) A member may, without client or State Bar notification, employ a disbarred, suspended, resigned, or involuntarily inactive member whose sole function is to perform office physical plant or equipment maintenance, courier or delivery services, catering, reception, typing or transcription, or other similar support activities.

(F) Upon termination of the disbarred, suspended, resigned, or involuntarily inactive member, the member shall promptly serve upon the State Bar written notice of the termination.

Please feel free to contact us if you have any questions.

Professionally;

ORANGE COUNTY EMPLOYMENT LAW FIRM PC

Timothy M. Cojocnean, Esq.