UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-998-MWF (ADSx) | **Date:** December 11, 2020 |
| **Title:** Roe, et al. v. Rivian Automotive LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER GRANTING MOTION FOR SANCTIONS [16]

Before the Court is Defendant Rivian Automotive, LLC's ("Rivian") Motion for Sanctions (the "Motion"), filed on August 17, 2020. (Docket No. 16). Plaintiffs John Roe (Kennan Moody), Jane Roe (Sarah Karp), and John Roe II (Simeon Hunter) (collectively, "Named Plaintiffs" or "Plaintiffs") did not file an opposition. Rivian filed a reply on August 31, 2020. (Docket No. 18). Plaintiffs untimely filed a Lodgment of Documents in Opposition to Rule 11 Motion (the "Lodgment") on September 11, 2020. (Docket No. 20). With leave of the Court, Rivian filed a response to the untimely Lodgment on September 23, 2020 (the "Lodgment Response"). (Docket Nos. 24, 25).

The Motion was noticed to be heard on September 14, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

For the reasons stated below, the Motion is **GRANTED**. Rivian is entitled to reasonable attorneys' fees and costs incurred in defending against the claims asserted in the Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-998-MWF (ADSx)          Date:  December 11, 2020
Title:  Roe, et al. v. Rivian Automotive LLC, et al.

## I. BACKGROUND

Plaintiffs commenced this action on May 29, 2019.  (*See generally* Complaint (Docket No. 1)).  The Complaint was brought on behalf of a putative class, requested that the Named Plaintiffs be allowed to proceed in pseudonym, demanded a jury trial, and asserted a claim for fraud by concealment.  (*See generally id.*).

Plaintiffs filed their anonymous Class Action Complaint against Rivian, a start-up automotive manufacturer.  (Complaint ¶ 3).  Plaintiffs allegedly made a $1,000 deposit to Rivian to hold a "place in line" for the future purchase of a Rivian vehicle.  (*Id.* ¶ 6).  Plaintiffs claimed that they later learned of potential structural and electrical defects with the vehicles being developed by Rivian.  (*Id.*).  Plaintiffs regretted making the $1,000 deposit and allegedly suffered "psychological and emotional distress, humiliation, and mental and physical pain and anguish."  (*Id.* ¶ 8).  Plaintiffs sought economic and punitive damages under a theory of fraud by concealment.  (*Id.* ¶¶ 7-9.).  Plaintiffs also sought to enjoin Rivian from engaging in an initial public offering ("IPO").  (*Id.* ¶ 21).

The Court granted Rivian's Motion to Dismiss without leave to amend on the basis that Plaintiffs did not suffer a redressable injury.  (*See* Order Granting Motion to Dismiss (the "Prior Order") (Docket No. 17)).

## II. DISCUSSION

Rivian argues that Plaintiffs and their counsel should be sanctioned because the claims in the Complaint are legally and factually baseless.  (Motion at 11).

Rule 11(b) provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper

---

**CIVIL MINUTES—GENERAL**          2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-998-MWF (ADSx)            **Date:** December 11, 2020

**Title:**     Roe, et al. v. Rivian Automotive LLC, et al.

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Fed. R. Civ. P. 11(b)(1)-(3). "Rule 11 is intended to deter baseless filings in district court and imposes a duty of reasonable inquiry so that anything filed with the court is well grounded in fact, legally tenable, and not interposed for any improper purpose." *Islamic Shura Council of S. Cal. v. FBI*, 757 F.3d 870, 872 (9th Cir. 2014) (citation and internal quotation marks omitted).

"Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted). "[T]he mere existence of one non-frivolous claim in a complaint does not immunize it from Rule 11 sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (citation omitted).

With respect to the first prong, Rivian argues that both of Plaintiffs' claims are meritless. (Motion at 11). Rivian argues that Plaintiffs' fraud by concealment claim is meritless because (1) no allegation is made that John Roe II (Simeon Hunter) made a deposit; (2) the deposits made by John Roe (Kennan Moody) and Jane Roe (Sarah karp) are fully refundable; (3) Plaintiffs failed to plead the elements of a fraud by concealment with the specificity required by Rule 9(b); and (4) the claim is barred by the economic loss rule. (*Id.* at 11-12).

Rivian argues that Plaintiffs' claim for injunctive relief is also baseless. (*Id.* at 13). Plaintiffs sought to enjoin Rivian from engaging in an IPO because they heard rumors that there were issues with some of the prototype vehicles and were concerned

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-998-MWF (ADSx)            **Date:** December 11, 2020

**Title:** Roe, et al. v. Rivian Automotive LLC, et al.

that these issues would not be disclosed prior to an IPO. (Complaint ¶ 6). Rivian points out that (1) Plaintiffs' harm is purely hypothetical because Rivian has not announced a date for an IPO; (2) Plaintiffs have not alleged that they are current or prospective investors that would have standing to sue over issues with disclosures; and (3) injunctive relief is not a stand-alone claim. (*Id.*).

The Court agrees with Rivian that the fraud by concealment claim is meritless for numerous reasons. (*See* Prior Order at 3) ("Even assuming Rivian's prototype has a defect, Plaintiffs cannot show that they are harmed because they can still receive refunds on their deposits (if made) and have not made any other commitments, financial or otherwise, to purchase any vehicles.").

The Court also agrees that Plaintiffs' claim for injunctive relief is not valid as a stand-alone claim. *See, e.g., Griffin v. Green Tree Servicing, LLC, No*., CV 14-9408 MWF (VBKx), 2016 WL 6782763, at *9 (C.D. Cal. Feb. 5, 2016) (citing *Javaheri v. JPMorgan Chase Bank, N.A.*, CV 10-08185-ODW (FFMx), 2012 WL 6140962, *8 (C.D. Cal. Dec. 11, 2012) ("Declaratory and injunctive relief do not lie where all other claims have been dismissed. Javaheri is therefore not entitled to declaratory or injunctive relief without a viable underlying claim")). Furthermore, Plaintiffs' request for injunctive relief is meritless because the Plaintiffs cannot demonstrate a likelihood of irreparable harm: Plaintiffs seek to enjoin a hypothetical non-disclosure relating to a hypothetical IPO. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008) (underscoring the requirement that a plaintiff seeking a preliminary injunction "demonstrate that irreparable injury is *likely* in the absence of an injunction.").

With respect to the second prong, Rivian argues that Plaintiffs' counsel did not conduct even a cursory inquiry. (Motion at 14). Specifically, Rivian argues that a cursory inquiry would have revealed the obvious flaws in the Complaint, including that (1) Jon Roe II (Simeon Hunter) did not make a deposit; (2) the deposits are refundable;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-998-MWF (ADSx) | Date:  December 11, 2020 |
| Title:     Roe, et al. v. Rivian Automotive LLC, et al. | |

(3) injunctive relief is not a stand-alone claim; and (4) injunctive relief requires a likelihood of harm, and hypothetical injuries are insufficient.  (*Id.*).

The Court agrees that any competent inquiry would have revealed the obvious flaws in this case.

Rivian next argues that Plaintiffs' Complaint was presented for an improper purpose.  (*Id.*).  Improper purposes under Rule 11 include:  (1) "negotiating [a] settlement, not in the court room, but in the media," *Kramer v. Tribe*, 156 F.R.D. 96, 109 (D.N.J. 1994), *aff'd* 52 F.3d 315 (3d Cir. 1995)); (2) "threaten[ing] [] adversaries with meritless harassing lawsuits" if they do not settle, *id.*; (3) "the absence of any reasonable support for [a] damage claim," *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1162 (9th Cir. 1987); and (4) "intentional use of publicity for the purpose of embarrassing an adversary," *Whitehead v. Food Max of Mississippi, Inc.*, 332 F.3d 796, 802 (5th Cir. 2003).

The evidence shows that Plaintiffs' counsel harassed Rivian with a meritless lawsuit and threatened to use publicity to embarrass Rivian after Rivian declined settlement discussions.  (Declaration of Michael Donn Mortenson ("Mortenson Decl.") ¶ 8, Ex. 5 (Docket No. 16-2)).  Specifically, Plaintiffs' counsel indicated that he planned to file a whistleblower lawsuit against Rivian and threatened to issue a press release that the lawsuit would "destroy" Rivian's IPO.  (*Id.*).  Plaintiffs' counsel claimed that the press release would suggest to Rivian that Rivian's counsel "turned down our settlement proposal solely to increase [Rivian's counsel's] billable hours, and we will suggest that Rivian get new Defense Counsel to save them lots of money." (*Id.*).

The Court is satisfied that the Complaint was presented for an improper purpose: Plaintiffs' counsel filed a frivolous lawsuit and sought to use bad publicity to force a settlement.  *See Kramer*, 156 F.R.D. at 99, 110 (finding improper purpose where plaintiff's counsel brought a frivolous lawsuit and threatened to "go to the press and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-998-MWF (ADSx) | Date:  December 11, 2020 |
| Title:      Roe, et al. v. Rivian Automotive LLC, et al. | |

ruin [his opponent's] reputation and provide damaging information" about his opponent to others in order to "dragoon a settlement").

As a final matter, the Court notes that Plaintiffs' untimely Lodgment fails to refute any of the grounds for Rule 11 sanctions and actually introduces evidence supporting Rivian's argument that the Complaint was a sham.  The Lodgment reveals that Plaintiffs John Roe (Kennan Moody) and Jane Roe (Sarah Karp) made their deposits two days *after* the Complaint was signed and one day before the Complaint was filed.  (Declaration of Patrick Hunt ("Hunt Decl.") at ¶ 5-6, Exs. 1-2).  This chronology refutes Plaintiffs' claims that they discovered that potential structural and electrical defects in the protype vehicles only after making $1000 deposits.

### III.  CONCLUSION

The Motion is **GRANTED**.  Rivian is entitled to reasonable attorneys' fees and costs incurred in defending against the claims asserted in the Complaint. "In a case like this, where the original complaint is the improper pleading, all attorney fees reasonably incurred in defending against the claims asserted in the complaint form the proper basis for sanctions."  *Gaskell v. Weir*, 10 F.3d 626, 629 (9th Cir. 1993).

Rivian shall file a declaration demonstrating the reasonable attorneys' fees and costs incurred in defending this action by **January 7, 2021**.

The Court will apportion the sanctions between Plaintiffs and their counsel after determining the amount of the sanctions.

IT IS SO ORDERED.