UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-998-MWF (ADSx)          **Date:** February 11, 2021
**Title:** Roe, et al. v. Rivian Automotive LLC, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER APPORTIONING SANCTIONS

     On December 12, 2020, the Court granted Defendant Rivian Automotive, LLC's request for sanctions against Plaintiffs Keenan Moody and Sara Karp and their counsel, Timothy M. Cojocnean (State Bar No. 324708) in the form of reasonable attorneys' fees and costs (the "Prior Order"). (Docket No. 26). The Prior Order instructed Defendant to file a declaration demonstrating the reasonable attorneys' fees and costs incurred in defending this action by January 7, 2021. (*Id.* at 7). On January 6, 2021, Defendant submitted the Declaration of Michael D. Mortenson in Support of Rivian Automotive, LLC's Attorneys' Fees and Costs (the "Mortenson Decl."). (Docket No. 27).

     Defendant seeks reasonable attorneys' fees and costs in the amount of $93,341.05. (*Id.* ¶ 28). Of this total amount, $93,136.50 are the attorneys' fees and $204.55 are the costs. (*Id.* ¶ 2).

     The fee setting inquiry in California ordinarily begins with the "lodestar," *i.e.*, the number of hours reasonably expended multiplied by the reasonable hourly rate. *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095, 95 Cal. Rptr. 2d 198 (2000). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." *Id.* (quoting *Margolin v. Reg'l Planning Com.*, 134 Cal. App. 3d 999, 1004-05, 185 Cal. Rptr. 145 (1982)). A reasonable hourly rate is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-998-MWF (ADSx)          **Date:** February 11, 2021
**Title:** Roe, et al. v. Rivian Automotive LLC, et al.

one that is prevailing in the community where the case is litigated for similar work. *Id.* (citations omitted).

Defendant seeks the following amounts per attorney based on the hourly rates reflected below:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Michael D. Mortenson | 44 | $500 | $22,000.00 |
| Craig A. Taggart | 94.4 | $500 | $49,700.00 |
| David Keithly | 36.1 | $405 | $14,620.50 |
| Desiree Cox | 18.4 | $285 | $5,244.00 |
| Stephanie Riemer | 3.0 | $235 | $705.00 |
| Katy Laub | 5.1 | $170 | 867.00 |
| **TOTALS** | **201** | | **$93,136.50** |

The Court finds the requested rates to be reasonable but applies a discretionary 10% haircut to the lodestar on the basis that there were three attorneys and three legal assistants. This number of timekeepers undoubtedly led to some duplication of effort, albeit subtle, especially on a case that was not all that complex. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (permitting the district court to "impose a small reduction, no greater than 10 percent — a 'haircut' — based on its exercise of discretion and without a more specific explanation"); *see also Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1111 (9th Cir. 2014) (affirming the rule that "[a]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-998-MWF (ADSx) | **Date:** February 11, 2021 |
| **Title:** Roe, et al. v. Rivian Automotive LLC, et al. | |

district court can reduce a lawyer's request for duplicative or unnecessary work, and it can impose up to a 10 percent reduction without explanation.").

Applying this 10% reduction results in a total award of $83,822.85 in attorneys' fees. Accordingly, the Court **AWARDS** Defendant $83,822.85 in attorneys' fees and $204.55 in costs for a total of **$84,027.40**.

The Court must now determine how to apportion this sanction between Plaintiffs Moody and Karp and Cojocnean. *See Lee v. POW! Entm't, Inc.*, 468 F. Supp. 3d 1220, 1235 (C.D. Cal. 2020) ("The Court may sanction an ***attorney or party*** under Rule 11 for filing a pleading or other paper that is 'frivolous.'") (emphasis added).

In the Prior Order, the Court explained that Plaintiffs are partially at fault for the submission of the frivolous Complaint because they signed the Complaint before submitting the very deposits that formed the basis of their theory of liability against Defendant:

> The Lodgment reveals that Plaintiffs John Roe (Kennan Moody) and Jane Roe (Sarah Karp) made their deposits two days after the Complaint was signed and one day before the Complaint was filed. (Declaration of Patrick Hunt ("Hunt Decl.") at ¶ 5-6, Exs. 1-2). This chronology refutes Plaintiffs' claims that they discovered potential structural and electrical defects in the prototype vehicles only after making $1000 deposits.

(Prior Order at 6). However, most of the sanctionable conduct — *i.e.*, harassment, frivolous argumentation, failure to conduct a cursory inquiry into the claims, presentation of the Complaint for an improper purpose — was performed by Cojocnean. (*Id.* at 3-6).

For these reasons, the Court determines that Plaintiffs Moody and Karp are each 10% at fault for the sanctionable conduct, and Cojocnean is 80% at fault. Accordingly, and pursuant to the Prior Order, the Court **SANCTIONS** Cojocnean in the amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-998-MWF (ADSx)          **Date:** **February 11, 2021**

Title:     Roe, et al. v. Rivian Automotive LLC, et al.

**$67,221.92.** The Court **SANCTIONS** Moody in the amount of **$8,402.74.** The Court **SANCTIONS** Karp in the amount of **$8,402.74.**

    The Court's Judicial Assistant is **ORDERED** to transmit a copy of this Order and the Prior Order to the State Bar of California, using the form on the State Bar's website.

    IT IS SO ORDERED.